BAKER BOTTS L.L.P.
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
Arya Moshiri (SBN 324231)
arya.moshiri@bakerbotts.com
101 California St., Ste. 3600
San Francisco, CA 94111
Telephone: 415.291.6200
Facsimile: 415.291.6300

Bethany R. Salpietra (*pro hac vice pending*)
bethany.salpietra@bakerbotts.com
2001 Ross Ave., Ste. 900
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYFT, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Defendant. | Case No. 21-cv-4653<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lyft, Inc. ("Lyft" ) hereby pleads the following claims for Declaratory Judgment against Defendant AGIS Software Development LLC ("AGIS Software") and alleges as follows:

**THE PARTIES**

1.   Lyft is a Delaware limited liability corporation with its principal place of business located at 185 Berry Street, Suite 5000, San Francisco, California 94107.

2.   On information and belief, AGIS Software is an agent and alter ego of Advanced Ground Information Systems, Inc.  Per AGIS Software's allegations in another litigation between the parties, AGIS Software is a Texas limited liability company, having its principal place of

business at 100 W. Houston Street, Marshall, Texas 75670. **Exhibit A** ¶ 1. According to Texas public records, the sole member of AGIS Software is AGIS Holdings, Inc. ("AGIS Holdings"). According to Florida public records, AGIS Holdings is organized and existing under the laws of the State of Florida, and maintains its principal place of business at 92 Lighthouse Drive, Jupiter, FL 33469. It shares the same address with Advanced Ground Information Systems, Inc., ("AGIS") a corporation organized and existing under the laws of the State of Florida that also maintains its principal place of business at 92 Lighthouse Drive, Jupiter, FL 33469.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over Lyft's declaratory judgment claims relating to patent non-infringement under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a).

4. On January 29, 2021, AGIS Software sued Lyft for infringing United States Patent Nos. 7,031,728 ("'728 patent"), 7,630,724 ("'724 patent"), 8,213,970 ("'970 patent"), 10,299,100 ("'100 patent"), and 10,341,838 ("'1,838 patent") (collectively, "Patents-in-Suit") in the United States District Court of the Eastern District of Texas by manufacturing, using, distributing, selling, offering for sale, and/or exporting from and importing into the United States the "the Lyft and Lyft Driver applications and the related services and/or servers for the applications." *See* Compl. ¶ 23, *AGIS Software Development LLC v. Lyft, Inc.*, Civil Action No. 2:21-cv-00024-JRG (E.D. Tex.), Dkt. 1. AGIS Software purported to be the owner of all right, title, and interest in the Patents-in-Suit. *Id.* ¶ 1. On April 27, 2021 Lyft moved to dismiss the Eastern District of Texas litigation for improper venue. *See* Lyft, Inc.'s Motion to Dismiss for Improper Venue, *AGIS Software Development LLC v. T-Mobile USA, Inc. et al.*, Civil Action No. 2:21-cv-00072-JRG (E.D. Tex.), Dkt. 30.

5. Lyft denies that the Patents-in-Suit are infringed through the making, using, distributing, sale, offering for sale, exportation, or importation of the Lyft rider or Lyft driver applications, or any other Lyft product or service. Under all circumstances, AGIS Software's infringement allegations and related actions threaten actual and imminent injury to Lyft that can be redressed by judicial relief and warrants the issue of a declaratory judgment. An actual and justiciable controversy exists between Lyft and AGIS Software with respect to the Patents-in-Suit.

6. On information and belief, AGIS Software is subject to this Court's specific jurisdiction, pursuant to due process and/or the California Long Arm Statute due to: (1) AGIS Software and/or AGIS's activities purposefully directed at residents of this forum, and (2) the claims arising out of or relating to AGIS Software and/or AGIS's activities with this forum. Further, the assertion of personal jurisdictions is reasonable and fair.

7. On information and belief, AGIS Software and/or AGIS have taken intentional and purposeful steps to enforce the Patents-in-Suit against residents of this judicial district, including by suing Lyft and other companies with principal places of business or operations in this judicial district for infringement of the Patents-in-Suit.

8. Based on Public Access to Court Electronic Records ("PACER"), on June 21, 2017, AGIS Software sued Apple Inc. ("Apple"), a California corporation with its principal place of business in this District in Cupertino, California, alleging infringement of the '970 patent and other patents related to the Patents-In-Suit. *See AGIS Software Development LLC v. Apple Inc.*, Civil Action No. 2:17-cv-00516 (E.D. Tex.), Dkt. 1 at ¶¶ 18, 27, 41, 55. Based on U.S. Patent & Trademark Office ("USPTO") records, Apple filed petitions for *inter partes* review of each patent AGIS Software asserted against it. *See* Petition for Inter Partes Review of U.S. Patent No. 8,213,970, *Apple Inc. v. AGIS Software Development LLC*, No. IPR2019-00411 (PTAB), Paper No. 1; Petition for Inter Partes Review of U.S. Patent No. 9,467,838, *Apple Inc. v. AGIS Software Development LLC*, No. IPR2018-00819 (PTAB), Paper No. 1; Petition for Inter Partes Review of U.S. Patent No. 9,445,251, *Apple Inc. v. AGIS Software Development LLC*, No. IPR2019-00523 (PTAB), Paper No. 1; Petition for Inter Partes Review of U.S. Patent No. 9,445,251, *Apple Inc. v. AGIS Software Development LLC*, No. IPR2019-00524 (PTAB), Paper No. 1; Petition for Inter Partes Review of U.S. Patent No. 9,408,055, *Apple Inc. v. AGIS Software Development LLC*, No. IPR2019-01471 (PTAB), Paper No. 1; Petition for Inter Partes Review of U.S. Patent No. 9,749,829, *Apple Inc. v. AGIS Software Development LLC*, No. IPR2019-01471 (PTAB), Paper No. 1. . Based on USPTO records, on or around April 2, 2019, each of these *inter partes* review proceedings were terminated as a result of the Apple and AGIS Software reaching a settlement agreement. *See, e.g.*, Decision Granting Joint Motion to Terminate and Granting Request to Treat

Settlement Document as Confidential Business Information, *Apple Inc. v. AGIS Software Development LLC*, No. IPR2018-01471 (PTAB), Paper No. 15.  Based on PACER, on March 14, 2019, the Eastern District of Texas dismissed the district court litigation between AGIS Software and Apple as a result of settlement.  Order, *AGIS Software Development LLC v. Apple Inc.*, Civil Action No. 2:17-cv-00516 (E.D. Tex. Mar. 14, 2019), Dkt. 87.

9. Based on PACER, on June 21, 2017, AGIS Software sued ZTE Corporation and ZTE (TX) Inc. alleging infringement of patents, including the '970 patent, '055 patent, '251 patent, and 7'838 patent.  *AGIS Software Development LLC v. ZTE Corporation et al.*, Civil Action No. 2:17-v-00517-JRG (E.D. Tex.), Dkt. 1 at ¶¶ 19, 28, 42, 54.  Based on PACER, on October 17, 2017, AGIS Software filed an amended complaint, adding ZTE (USA) Inc. as a defendant to this litigation and alleging infringement of an additional related patent, the '829 patent.  *AGIS Software Development LLC v. ZTE Corporation et al.*, Civil Action No. 2:17-v-00517-JRG (E.D. Tex.), Dkt. 32 at ¶¶ 3 & 73.  On information and belief, ZTE (USA) Inc. has an office located at 1900 McCarthy Boulevard, Milpitas, California 95035.

10. Based on PACER, on October 9, 2018, ZTE (USA) Inc. filed a declaratory judgment action in the Northern District of California.  *ZTE (USA) Inc. v. AGIS Software Development LLC et al.*, Civil Action No. 4:18-cv-06185-HSG (N.D. Cal.), Dkt. 1.  Based on PACER, on October 30, 2019, AGIS Software and ZTE (USA) Inc. filed a joint motion to stay all deadlines as a result of a settlement in principle.  *Id.*, Dkt. 130.  Based on PACER, less than a week later, on November 4, 2019, AGIS Software filed an unopposed renewed motion to dismiss.  *Id.*, Dkt. 135.  Based on PACER, on November 5, 2019, the Court granted the motion.  *Id.*, Dkt. 138.

11. On information and belief, AGIS Software has entered into agreements relating to the Patents-in-Suit with companies in this District, including Apple and ZTE Corporation, ZTE (USA) Inc., and ZTE (TX) Inc. ("ZTE").

12. On information and belief, AGIS Holdings registered AGIS Software in Texas on June 1, 2017, 20 days before filing the above patent infringement cases against Apple and ZTE.

13. On information and belief, shortly before the registration of AGIS Software, AGIS was litigating in the Southern District of Florida against Life360, Inc., a company headquartered in San Francisco, California. *Advanced Ground Information Sys., Inc. v. Life360, Inc.*, Civil Action No. 9:14-cv-80651 (S.D. Fla.). Based on PACER, AGIS asserted that Life360 infringed the '728 patent (one of the Patents-in-Suit) and other related patents. Based on PACER, AGIS's claims against Life360 resulted in a jury finding of no-infringement and an award of nearly $750,000 in attorneys' fees for litigating "an exceptionally weak case." *Id.*, Dkt. 200, 212.

14. On information and belief, AGIS Software is an alter ego to AGIS Holdings and/or AGIS.

15. On information and belief, AGIS has also committed a number of intentional acts directed at the State of California.

16. On information and belief, AGIS has marketed and/or provided downloads of its LifeRing product, which AGIS Software contends is covered by the Patents-in-Suit, in California.

17. On information and belief, in 2014, Mr. Malcom Beyer, CEO of both AGIS Software and AGIS, attended a U.S. Navy military exercise in San Diego where he demonstrated LifeRing on PCs and smartphones when asked to do so. *See Life360, Inc. v. Advanced Ground Sys., Inc.*, 2015 WL 5612008, at *3, Case No. 15-cv-00151-BLF (N.D. Cal. Sept. 21, 2015). On information and belief, during this demonstration, Mr. Beyer also discussed LifeRing with companies including ADI Technology and Maven Consulting. *Id.*

18. On information and belief, AGIS marketed LifeRing to companies that resulted in downloads of LifeRing in California. *Id.* at *4. On information and belief, AGIS marketed LifeRing to at least CornerTurn LLC, Integrity Applications, and American Reliance, Inc., which AGIS has stated have California addresses. *Id.*

19. On information and belief, AGIS has marked LifeRing as covered by the Patents-in-Suit. *See, e.g.*, Patents, AGIS INC., http://agisinc.com/about/patents (last visited June 7, 2021). On information and belief, AGIS Software has licensed the patents to end users residing in California who downloaded the LifeRing software.

20. On information and belief, AGIS also formed a "strategic partnership" with Green Hills Software, Inc., a California company and security software firm located in Santa Barbara, California. *See Life360*, 2014 WL 5612008, at *4.

21. As a result of the foregoing allegations, AGIS Software either individually or as an alter ego of AGIS, is subject to personal jurisdiction within this judicial district.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the acts giving rise to the claim occurred in this judicial district, and because AGIS Software is subject to personal jurisdiction in this district.

## COUNT I

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 7,031,728**

23. Lyft restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

24. On information and belief, AGIS Software is the owner of all right, title, and interest in the '728 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it. A copy of the '728 patent is attached hereto as **Exhibit B**.

25. Lyft does not infringe any claim of the '728 patent, directly or indirectly, contributorily or otherwise through its or its user's activities in conjunction with the Lyft rider or Lyft driver applications, or any other Lyft product.

26. As set forth above, an actual and justiciable controversy exists between Lyft and AGIS Software as to Lyft's non-infringement of the '728 patent.

27. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Lyft requests that this Court enter a judgment that Lyft does not infringe, under any theory of infringement, any valid claim of the '728 patent.

## COUNT II

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 7,630,724**

28. Lyft restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

29. On information and belief, AGIS Software is the owner of all right, title, and interest in the '724 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it. A copy of the '724 patent is attached hereto as **Exhibit C**.

30. Lyft does not infringe any claim of the '724 patent, directly or indirectly, contributorily or otherwise through its or its user's activities in conjunction with the Lyft rider or Lyft driver applications, or any other Lyft product.

31. As set forth above, an actual and justiciable controversy exists between Lyft and AGIS Software as to Lyft's non-infringement of the '724 patent.

32. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Lyft requests that this Court enter a judgment that Lyft does not infringe, under any theory of infringement, any valid claim of the '724 patent.

# COUNT III

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 8,213,970**

33. Lyft restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

34. On information and belief, AGIS Software is the owner of all right, title, and interest in the '970 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it. A copy of the '970 patent is attached hereto as **Exhibit D**.

35. Lyft does not infringe any claim of the '970 patent, directly or indirectly, contributorily or otherwise through its or its user's activities in conjunction with the Lyft rider or Lyft driver applications, or any other Lyft product.

36. As set forth above, an actual and justiciable controversy exists between Lyft and AGIS Software as to Lyft's non-infringement of the '970 patent.

37. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Lyft requests that this Court enter a judgment that Lyft does not infringe, under any theory of infringement, any valid claim of the '970 patent.

## COUNT IV

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 10,299,100**

38. Lyft restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

39. On information and belief, AGIS Software is the owner of all right, title, and interest in the '100 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it. A copy of the '100 patent is attached hereto as **Exhibit E**.

40. Lyft does not infringe any claim of the '100 patent, directly or indirectly, contributorily or otherwise through its or its user's activities in conjunction with the Lyft rider or Lyft driver applications, or any other Lyft product.

41. As set forth above, an actual and justiciable controversy exists between Lyft and AGIS Software as to Lyft's non-infringement of the '100 patent.

42. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Lyft requests that this Court enter a judgment that Lyft does not infringe, under any theory of infringement, any valid claim of the '100 patent.

## COUNT V

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 10,341,838**

43. Lyft restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

44. On information and belief, AGIS Software is the owner of all right, title, and interest in the '1,838 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it. A copy of the '1,838 patent is attached hereto as **Exhibit F**.

45. Lyft does not infringe any claim of the '1,838 patent, directly or indirectly, contributorily or otherwise through its or its user's activities in conjunction with the Lyft rider or Lyft driver applications, or any other Lyft product.

46. As set forth above, an actual and justiciable controversy exists between Lyft and AGIS Software as to Lyft's non-infringement of the '1,838 patent.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, Lyft requests that this Court enter a judgment that Lyft does not infringe, under any theory of infringement, any valid claim of the '1,838 patent.

## PRAYER FOR RELIEF

WHEREFORE, Lyft respectfully prays for judgment in favor of Lyft and against AGIS Software, as follows:

1. For a judicial determination and declaration that Lyft has not infringed and is not infringing, directly or indirectly, any claim of the Patents-in-Suit;

2. For injunctive relief against AGIS Software, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action against Lyft or Lyft's users claiming the Patents-in-Suit are infringed, or for representing that Lyft's products or services, or that others' use thereof, infringe the Patents-in-Suit;

3. For a declaration that this case is exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

4. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Lyft respectfully demands a jury trial in this action on all issues so triable.

Dated: June 16, 2021             By: /s/ *Jeremy Taylor*
                                     Jeremy Taylor

                                     Jeremy J. Taylor (SBN 249075)
                                     Arya Moshiri (SBN 324231)
                                     **Baker Botts L.L.P.**
                                     jeremy.taylor@bakerbotts.com
                                     arya.moshiri@bakerbotts.com
                                     101 California St., Suite 3600
                                     San Francisco, CA 94111
                                     Telephone: (415) 291-6200
                                     Facsimile: (415) 291-6300

                                     Bethany R. Salpietra (*pro hac vice pending*)
                                     **Baker Botts L.L.P.**
                                     bethany.salpietra@bakerbotts.com
                                     2001 Ross Ave., Ste. 900
                                     Dallas, TX 75201
                                     Telephone: (214) 953-6500
                                     Facsimile: (214) 953-6503

                                     *Attorneys for Plaintiff Lyft, Inc.*