Alfred R. Fabricant (*pro hac vice*)
afabricant@fabricantllp.com
Peter Lambrianakos (*pro hac vice*)
plambrianakos@fabricantllp.com
Vincent J. Rubino, III (*pro hac vice*)
vrubino@fabricantllp.com
Enrique Iturralde (*pro hac vice*)
eiturralde@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Ave., Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Benjamin T. Wang (CA SBN 228712)
bwang@raklaw.com
Minna Y. Chan (CA SBN 305941)
mchan@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

Attorneys for Defendant
*AGIS Software Development LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LYFT, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>*Defendant*. | Case No. 5:21-cv-04653-BLF<br><br>**Hon. Judge Beth Labson Freeman**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      January 27, 2022<br>Time:      9:00 a.m.<br>Location: Courtroom 3<br><br>*[Declaration of Malcolm K. Beyer, Jr; and Proposed Order filed concurrently herewith]* |

RUSS AUGUST & KABAT

RUSS AUGUST & KABAT

### NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on January 27, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard before The Honorable Beth Labson Freeman in the United States District Court for the Northern District of California in the Robert F. Peckham Federal Building & United States Courthouse, Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California 95113, Defendant AGIS Software Development LLC ("AGIS Software" or "Defendant") will and hereby does move the Court, for: (1) an order dismissing the Complaint for Declaratory Judgment filed by Plaintiff Lyft, Inc. ("Lyft" or "Plaintiff") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure; (2) an order dismissing the Complaint for Declaratory Judgment in favor of the first-filed action; or (3) in the alternative, an order staying this action pending a decision on Lyft's motion to dismiss, or in the alternative, to transfer, which is currently pending in the Eastern District of Texas.

This Motion is made on the grounds that the Court lacks personal jurisdiction over AGIS Software.  AGIS Software is a Texas corporation with its principal place of business in Marshall, Texas.  AGIS Software is not registered to conduct business in California; does not have a registered agent for service of process in California; does not have offices, employees, equipment, bank accounts or other assets in California; is not subject and has never paid taxes in California; does not manufacture or sell products in California; does not solicit or engage in business in California; has not signed contracts in California; does not recruit employees in California; and does not own, lease, or rent any property in California.  Additionally, AGIS Software has not purposefully directed any activities related to the enforcement or defense of the Patents-in-Suit at California.

Additionally, this Motion requests that this Court dismiss the Complaint based on the first-to-file rule.  AGIS Software filed a complaint against Lyft in the Eastern District of Texas nearly five months prior to the filing of Lyft's Complaint in this Court.  The two actions involve the same parties and the same issues, and accordingly, the first-to-file rule applies here. There are no exceptions to the rule that apply and, even if there were, whether any exceptions should trump the first-to-file rule should be determined by the Eastern District of Texas.  In the alternative, the Court should stay this action pending resolution of Lyft's motion in the Eastern District of Texas, where

1

parties have completed briefing and the court has ordered an evidentiary hearing for September 29, 2021. *AGIS Software Dev. LLC v. T-Mobile USA, Inc. et al.*, No. 2:21-cv-00072-JRG, Dkt. 125 (E.D. Tex. Aug. 18, 2021).

The Motion will be and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declaration, the pleadings and papers filed herein, as well as upon such and other further mattes, papers, and arguments as may be presented to the Court.

DATED: September 27, 2021                Respectfully submitted,

**RUSS AUGUST & KABAT**
By: */s/ Benjamin T. Wang*
    Benjamin T. Wang

**FABRICANT LLP**
Alfred R. Fabricant
ffabricant@fabricantllp.com
Peter Lambrianakos
plambrianakos@fabricantllp.com
Vincent J. Rubino, III
vrubino@fabricantllp.com
411 Theodore Fremd Ave., Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

*Attorneys for Defendant*
AGIS Software Development LLC

RUSS AUGUST & KABAT

## TABLE OF CONTENTS

**Page**

**I.   PRELIMINARY STATEMENT** ................................................................................ **1**

**II.   BACKGROUND** ................................................................................................... **2**

   A.   The Parties ...................................................................................................... 2

   B.   Prior Enforcement Actions .............................................................................. 2

**III.   LEGAL STANDARD** ......................................................................................... **4**

   A.   Motion to Dismiss............................................................................................ 4

   B.   First-to-File Rule ............................................................................................. 5

**IV.   ARGUMENT** ....................................................................................................... **6**

   A.   Personal Jurisdiction Does Not Exist Over AGIS Software in California ........ 6

      1.   General Jurisdiction Does Not Exist Over AGIS Software Because AGIS Software Is Not "At Home" in California ................................................................. 7

      2.   Specific Jurisdiction Does Not Exist Over AGIS Software in California .................... 9

**V.   LYFT'S COMPLAINT SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE** ................................................................................................................. **15**

**VI.   IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED PENDING A DECISION IN THE TEXAS ACTION** ....................................................................... **18**

**VII.   CONCLUSION** ............................................................................................... **19**

RUSS AUGUST & KABAT

## TABLE OF AUTHORITIES

Page

**Cases**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
 160 F.3d 1373 (Fed Cir. 1998) ................................................................. 13, 15

*Adobe Sys., Inc. v. Tejas Research, LLC*,
 No. C-14-0868 EMC, 2014 WL 4651654 (N.D. Cal. Sept. 17, 2014) ................................ 10, 11

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
 689 F.3d 1358 (Fed. Cir. 2012) ....................................................................... 5

*AGIS Software Dev. LLC v. Apple, Inc.*,
 2018 WL 2721826 (E.D. Tex. June 6, 2018) ............................................................. 15

*AGIS Software Dev. LLC v. Google* LLC,
 No. 2:19-cv-000361-JRG, Dkt. 147 (E.D. Tex. Dec. 8, 2020) ......................................... 17

*AGIS Software Dev. LLC v. HTC Corp.*,
 2018 WL 4680557 (E.D. Tex. Sept. 28, 2018) ........................................................... 15

*AGIS Software Dev. LLC v. Huawei Device USA Inc., et al.*,
 No. 2:17-cv00513-JRG, Dkt. 205 (E.D. Tex. Oct. 10, 2018) ........................................... 17

*AGIS Software Dev. LLC v. T-Mobile USA, Inc.*,
 No. 2:19-cv-00072-JRG, Dkt. 80 (E.D. Tex. June 4, 2021) ............................................. 17

*AGIS Software Dev. LLC v. ZTE Corp. et al.*,
 Case No. 2:17-cv-517 (E.D. Tex. ....................................................................... 3

*Allphin v. Peter K. Fitness, LLC*,
 2014 WL 6997653 (N.D. Cal. Dec. 11, 2014) ........................................................... 15

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
 946 F.2d 622 (9th Cir. 1991) ........................................................................... 6

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
 551 F.2d 784 (9th Cir. 1977) ........................................................................... 5

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
 566 F.3d 1012 (Fed. Cir. 2009) ................................................................. 4, 8, 9, 10

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
 552 F.3d 1324 (Fed. Cir. 2008) .................................................................. passim

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
 444 F.3d 1356 (Fed. Cir. 2006) ........................................................................ 10

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985) ..................................................................................... 5

*Campbell Pet Co. v. Miale*,
 541 F.3d 879 (Fed. Cir. 2008) .......................................................................... 7

*Celgard, LLC v. SK Innovation Co.*,
 792 F.3d 1373 (Fed. Cir. 2015) ............................................................... 13, 14, 15

*CommVault Sys., Inc. v. PB&J Software, LLC*,
 2013 WL 3242251 (N.D. Cal. June 25, 2013) ........................................................... 12

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) .................................................................................... 7, 9

*Data Disc, Inc. v. Systems Tech. Assocs. Inc.*,
 557 F.2d 1280 (9th Cir. 1977) .......................................................................... 5

*Doe v. Unocal Corp.*,
 248 F.3d 915 (9th Cir. 2001) .......................................................................... 13

*Elecs. For Imaging, Inc. v. Coyle*,
 340 F.3d 1344 (Fed. Cir. 2003) ......................................................................... 5

*Elecs. for Imaging, Inc. v. Coyle*,
 394 F.3d 1341 (Fed. Cir. 2005) ......................................................................... 6

*EMC Corp. v. Bright Response, LLC*,
 2012 WL 4097707 (N.D. Cal. Sept. 17, 2012) ................................................... 16, 17, 18

*Futurewei Techs., Inc. v. Acacia Research Corp.*,
 737 F.3d 704 (Fed. Cir. 2013) .......................................................................... 5

*Genentech, Inc. v. GlaxoSmithKline* LLC,
 2010 WL 4923954 (E.D. Tex. Dec. 1, 2010) ............................................................. 18

RUSS AUGUST & KABAT

ii

**TABLE OF AUTHORITIES**

Page

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
  131 S. Ct. 2846 (2011) ..................................................................................... 4, 7
*Helicopteros Nacionales de Colombia S.A. v. Hall*,
  466 U.S. 408 (1984) ..................................................................................... 4, 7, 9
*Hildebrand v. Steck Mfg. Co.*,
  279 F.3d 1351 (Fed. Cir. 2002) ........................................................................ 12
*In re Apple, Inc.*,
  No. 2018-151 (Fed. Cir. Oct. 16, 2018) ........................................................... 15
*In re LG Elecs., Inc.*,
  No. 2019-107 (Fed. Cir. Jan. 24, 2019).............................................................. 15
*Int'l Shoe Co. v. Wash.*,
  326 U.S. 310 (1945) (quotations omitted).......................................................... 4, 7
*Juniper Networks, Inc. v. SSL Servs., LLC*,
  No. C08-5758 SBA, 2009 WL 3837266 (N.D. Ca. Nov. 16, 2009) .................................. 11, 12
*Kyocera Int'l, Inc. v. Semcon IP, Inc.*,
  No. 3:18-CV-1575-CAB-MDD, 2018 WL 5112056 (S.D. Cal. Oct. 19, 2018) ............ 10, 11, 12
*Life360, Inc. v. Advanced Ground Information Sys. Inc.*,
  2015 WL 5612008 (N.D. Cal. Sep. 21, 2015)...................................................... 8, 10
*Marvell Semiconductor Inc. v. Monterey Res., LLC*,
  2020 WL 6591197 (N.D. Cal. Nov. 11, 2020) ..................................................... 15
*Nuance Comms., Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010)............................................................................ 4
*NuCal Foods, Inc. v. Quality Egg LLC*,
  887 F. Supp. 2d 977 (E.D. Cal. 2012) .................................................................. 5
*NXP Semiconductors USA, Inc. v. Brevets*,
  2014 WL 4621017 (N.D Cal. Sept. 15, 2014)...................................................... 14
*P.I.C. Int'l Inc. v. Miflex 2 SpA*,
  No. 3:17-CV-556-CAB-WVG, 2017 WL 3583122 (S.D. Cal. Aug. 17, 2017)....................... 4, 8
*Pacesette Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ................................................................................. 6
*Perkins v. Benguet Consol. Mining Co.*,
  342 U.S. 437 (1952) ............................................................................................ 7
*Radio Sys. Corp. v. Accession, Inc.*,
  638 F.3d 785 (Fed. Cir. 2011) ............................................................................ 10
*Ranza v. Nike*,
  793 F.3d 1059 (9th Cir. 2015)............................................................................. 14
*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
  148 F.3d 1355 (Fed. Cir. 1998) .......................................................................... 12
*Ruckus Wireless, Inc. v. Harris Corp.*,
  No. 11-cv-019440-LHK, 2012 WL 588792 (N.D. Cal. Feb. 22, 2012) ...................... 6, 15, 16
*SMIC, Ams. v. Innovative Foundry Techs. LLC*,
  473 F. Supp. 3d 1021 (N.D. Cal. 2020)............................................................. 6, 16
*Stewart v. Screen Gems-EMI Music, Inc.*,
  81 F. Supp. 3d 938 (N.D. Cal. 2015)................................................................ 13, 15
*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................ 5
*Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI,
  2011 WL 3206686 (N.D. Cal. July 27, 2011) (citing *Avocent*, 552 F.3d at 1329-30) ................ 4
*ZTE (USA) Inc. v. AGIS Software Dev. LLC et al.*,
  Case No. 4:18-cv-06185-HSK (N.D. Cal.) ........................................................... 3

**Statutes**
Cal. Civ. Pro. Code § 410.10.................................................................................. 4

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, MEMORANDUM, CASE NO. 5:21-cv-04653

RUSS AUGUST & KABAT

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.      Whether this Court lacks personal jurisdiction over AGIS Software in the instant Declaratory Judgment action.

2.      Whether this action should be transferred to the Eastern District of Texas under the first-to-file rule.

3.      Or, in the alternative, whether this action should be temporarily stayed pending Lyft's Motion to Dismiss in the Eastern District of Texas.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      PRELIMINARY STATEMENT**

The instant declaratory judgment action, which seeks a determination that Lyft did not infringe several of AGIS Software's patents, must be dismissed because this Court lacks personal jurisdiction over AGIS Software.  AGIS Software is a Texas corporation with a principal place of business in Texas. AGIS Software is not registered to conduct business in California; does not have a registered agent for service of process in California; does not have offices, employees, equipment, bank accounts, or other assets in California; is not subject to and has never paid taxes in California; does not manufacture or sell products in California; does not solicit or engage in business in California; has not signed contracts in California; does not recruit employees in California; and does not own, lease, or rent any property in California.  The sole contacts relied on by Lyft to bring litigation against AGIS Software in this Court are enforcement actions filed outside of California against residents of this judicial district, a single declaratory judgment action brought by ZTE (USA) Inc. that was voluntarily dismissed, and allegations that AGIS Software is "an alter ego to AGIS Holdings and/or AGIS."  None of these contacts is sufficient to show that AGIS Software purposefully directed any activities related to the enforcement or defense of the Patents-in-Suit at California, as is necessary for this Court to exercise personal jurisdiction over AGIS Software in accordance with Federal Due Process. Accordingly, Lyft's Complaint for Declaratory Judgment should be dismissed for lack of personal jurisdiction without leave to amend. Additionally, Lyft files this action for declaratory judgment nearly three months after AGIS Software filed its Complaint in the Eastern District of Texas.  As such, this action should be transferred under the first-to-file rule or alternatively, stayed pending Lyft's Motion to Dismiss filed in the Eastern District of

RUSS AUGUST & KABAT

Texas.

Additionally, Lyft files this action for declaratory judgment nearly five months after AGIS Software filed its Complaint in the Eastern District of Texas.  As such, this action should be transferred under the first-to-file rule or alternatively, stayed pending Lyft's Motion to Dismiss filed in the Eastern District of Texas.

## II.     BACKGROUND

### A.  **The Parties**

AGIS Software is the sole owner of all right, title, and interest in and to U.S. Patent Nos. 7,630,724 (the "724 Patent"); 7,031,728 (the "'728 Patent"); 8,213,970 (the "'970 Patent"); 10,299,100 (the "'100 Patent"); and 10,341,838 (the "'1,838 Patent") (collectively, the "Patents-in-Suit").  *AGIS Software Development LLC v. Lyft, Inc.*, Case No. 2:21-cv-00024-JRG, Dkt. 1 ¶ 1 (E.D. Tex.); Declaration of Malcolm K. Beyer, Jr. ("Beyer Decl.") ¶ 3.

AGIS Software is a Texas corporation with its principal place of business located in Marshall, Texas.  Dkt. 1 ¶ 2; *see also* Beyer Decl. ¶ 9.  AGIS Software's Chief Executive Officer, Mr. Malcolm K. Beyer, Jr., resides in Florida, not California.  Beyer Decl. ¶¶ 2, 4.  AGIS Software is not registered to conduct business in California; does not have a registered agent for service of process in California; does not have offices, employees, equipment, bank accounts, or other assets in California; is not subject to and has never paid taxes in California; does not manufacture or sell products in California; does not solicit or engage in business in California; has not signed contracts in California; does not recruit employees in California; and does not own, lease, or rent any property in California. Beyer Decl. ¶¶ 10-19.  Further, no lawsuit has ever been filed by AGIS Software in California for any reason.  *Id.* ¶ 21.

Lyft alleges that it is a corporation existing under the laws of Delaware with its principal place of business located in San Francisco, California.  Dkt. 1 ¶ 1.

### B.  **Prior Enforcement Actions**

In 2017, AGIS Software filed five patent infringement actions involving some of the Patents-in-Suit in the Eastern District of Texas.  *See AGIS Software Dev. LLC v. Apple, Inc.*, Case No. 2:17-

RUSS AUGUST & KABAT

cv-516 (E.D. Tex.); *AGIS Software Dev. LLC v. HTC Corp.*, Case No. 2:17-cv-514 (E.D. Tex.); *AGIS Software Dev. LLC v. Huawei Device USA Inc., et al.*, Case No. 2:17-cv-513 (E.D. Tex.); *AGIS Software Dev. LLC v. ZTE Corp. et al.*, Case No. 2:17-cv-517 (E.D. Tex.) ("ZTE Texas case"); and *AGIS Software Dev. LLC v. LG Elecs., Inc.*, Case No. 2:17-cv-515 (E.D. Tex.) (collectively, "*AGIS I* Cases"). On September 28, 2018, Judge Gilstrap issued an order to transfer the ZTE Texas case to the Northern District of California, in response to the defendant's motion to dismiss or transfer for improper venue. *See* ZTE Texas case, Dkt. 86. On October 8, 2018, AGIS Software filed a Notice of Voluntarily Dismissal (*id.* Dkt. 86) which the court granted on October 9, 2018. *Id.*, Dkt. 87. That same day, ZTE filed an action in the Northern District of California seeking a judicial declaration of non-infringement, invalidity, and/or unenforceability as to certain of the Patents-in-Suit against AGIS Software, AGIS Holdings, Inc. ("AGIS Holdings"), and Advanced Ground Information Systems, Inc. ("AGIS, Inc."). *ZTE (USA) Inc. v. AGIS Software Dev. LLC et al.*, Case No. 4:18-cv-06185-HSK (N.D. Cal.). In 2019, AGIS Software filed three patent infringement actions involving some of the Patents-in-Suit in the Eastern District of Texas. *See AGIS Software Dev. LLC v. Google LLC*, Case No. 2:19-cv-361 (E.D. Tex.); *AGIS Software Dev. LLC v. Samsung Elecs. Co., Ltd. et al.*, Case No. 2:19-cv-361 (E.D. Tex.); and *AGIS Software Dev. LLC v. Waze Mobile Limited*, Case No. 2:19-cv-359 (E.D. Tex.) (collectively, "*AGIS II* Cases"). In 2021, AGIS Software filed four infringement actions, including the action against Lyft, involving some of the Patents-in-Suit in the Eastern District of Texas. *See AGIS Software Dev. LLC v. T-Mobile USA, Inc.*, Case No. 2:21-cv-72 (E.D. Tex.); *AGIS Software Dev. LLC v. Uber Technologies, Inc. d/b/a Uber*, Case No. 2:21-cv-26 (E.D. Tex.); *AGIS Software Dev. LLC v. WhatsApp, Inc.*, Case No. 2:21-cv-29 (E.D. Tex.); and *AGIS Software Dev. LLC v. Lyft, Inc.*, Case No. 2:21-cv-24 (E.D. Tex.) (the "*Lyft* Texas case") (collectively, "*AGIS III* Cases").

The *AGIS II* and *AGIS III* Cases are currently still pending in the Eastern District of Texas. On April 27, 2021, Lyft filed a motion to dismiss for improper venue in the Eastern District of Texas. *Lyft* Texas case, Dkt. 30.

RUSS AUGUST & KABAT

RUSS AUGUST & KABAT

## III.     LEGAL STANDARD

### A.     **Motion to Dismiss**

Rule 12(b)(2) requires a district court to dismiss an action when the Court lacks personal jurisdiction over a defendant.  In a patent case, including a declaratory judgment action involving a patent, Federal Circuit law governs the inquiry. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) ("[W]e apply Federal Circuit law because the jurisdictional issue is 'intimately involved with the substance of patent laws.'") (citation omitted).  Where, like here, an action seeks a declaration of non-infringement and invalidity, personal jurisdiction is required "over the owner, assignee or exclusive licensee of the patent."  *See Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686, at *4 (N.D. Cal. July 27, 2011) (citing *Avocent*, 552 F.3d at 1329-30).

Personal jurisdiction over a non-resident defendant is proper if permitted by a state's long-arm statute and if the exercise of jurisdiction does not violate federal Due Process.  *P.I.C. Int'l Inc. v. Miflex 2 SpA*, No. 3:17-CV-556-CAB-WVG, 2017 WL 3583122, at *2 (S.D. Cal. Aug. 17, 2017) (citing *Nuance Comms., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010)).  "[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citation omitted); *see also* Cal. Civ. Pro. Code § 410.10.

To satisfy federal Due Process (1) the defendant must have established certain minimum contacts with the forum state; and (2) the exercise of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice."  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quotations omitted)).  Jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction."  *Id.* at 2851 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)).  "Specific jurisdiction . . . must be based on activities that arise out of our relate to the cause of action."  *Autogenomics*, 566 F.3d at 1017 (citation omitted).  However, "it is essential in

*each* case that there must be some act by which the defendant *purposefully avails* itself of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Avocent*, 552 F.3d at 1329 (quoting *Hanson v. Deckla*, 357 U.S. 253 (1958)) (emphasis added).  "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  Moreover, the "'minimum contacts' analysis looks to the defendant's contacts *with the forum State itself*, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added).

Where, like here, the parties have not conducted discovery and there has been no evidentiary hearing, the plaintiff bears the burden of making a *prima facie* showing that each defendant is subject to personal jurisdiction.  *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004). The plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Additionally, although the court must accept uncontested allegations as true, it need not consider "bare formulaic accusations" that a defendant maintains sufficient contacts with the forum state. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012); *see also NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) ("[T]he court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction.").  It also "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Systems Tech. Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

## B. <u>First-to-File Rule</u>

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).  "There is a

RUSS AUGUST & KABAT

generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the *same parties and issues* has already been filed in another district." *Pacesette Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  This rule "promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-cv-019440-LHK, 2012 WL 588792, at *2 (N.D. Cal. Feb. 22, 2012).  Accordingly, this rule "was developed to 'serve[]the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).  In addition to judicial efficiency, the rule helps "prevent[] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus*, 2012 WL 588792, at *2.  The Federal Circuit has "made clear that the first to file rule applies to patent cases and thus likewise requires deference to the first-filed action 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

Under the first-to-file doctrine, a district court may "choose to transfer, stay, or dismiss an action where a similar complaint has been filed in another district court." *SMIC, Ams. v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1024 (N.D. Cal. 2020).  The court must consider three factors in determining whether the first-to-file rule applies: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.*  A court's decision to depart from this general rule must present a "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.*

## IV.   ARGUMENT

### A.   <u>Personal Jurisdiction Does Not Exist Over AGIS Software in California</u>

Lyft does not and cannot present facts to support a *prima facie* case for personal jurisdiction over AGIS Software in California.  Exercising jurisdiction over AGIS Software would not comport with fair play and substantial justice.

1

2

3

4

5

6

7

8

9

10

RUSS AUGUST & KABAT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.     General Jurisdiction Does Not Exist Over AGIS Software Because AGIS Software Is Not "At Home" in California**

General jurisdiction exists only when the defendant's contacts with the forum are so "continuous and systematic" that the defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citing *Goodyear*, 564 at 919). "[S]poradic and insubstantial contacts with the forum state . . . are not sufficient." *Campbell Pet Co. v. Miale*, 541 F.3d 879, 884 (Fed. Cir. 2008). Moreover, "even continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Goodyear*, 564 U.S. at 927 (quoting *Int'l Shoe*, 326 U.S. at 318). Thus, the plaintiff bears the higher burden to establish general jurisdiction than to establish specific jurisdiction. *Avocent*, 552 F.3d at 1330.

Although there is no concrete test for determining what constitutes systematic and continuous contacts, the Supreme Court has held that the following contacts, taken together, satisfy due process: (1) maintaining an office in the forum state; (2) keeping company files and conducting directors' meetings in that office; (3) carrying on correspondence relating to the business in that office; (4) distributing salary checks drawn on active bank accounts located in the forum state; (5) engaging a bank from the forum state to act as a transfer agent; and (6) supervising from the forum state policies dealing with the rehabilitation of the corporation's properties outside the forum state. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 438 (1952). The Supreme Court has also advised that the following factors may be relevant to the analysis: (1) having authorization to do business in the forum state; (2) having an agent for service of process within the forum; (3) selling products and soliciting business in the forum; (4) signing contracts in the forum; (5) recruiting employees from the forum state; and (6) owning real or personal property in the forum state. *See Helicopteros*, 466 U.S. at 411.

None of these factors are present here. *See* Dkt. 1 ¶¶ 6-22. It is undisputed that AGIS Software is a Texas corporation with its principal place of business located at in Marshall, Texas. Dkt. 1 at ¶ 2. It is also undisputed that AGIS Software is not registered to conduct business in California, does not have a registered agent for service of process in California, is not subject to and

has never paid taxes in California; does not manufacture products in California, has not signed contracts in California, does not recruit employees in California, and does not own, lease, or rent any property in California. Beyer Decl. ¶¶ 18-19. Further, AGIS Software does not sell products in California, or solicit or engage in business in California. *Id.* ¶¶ 15-16. Additionally, no suit has ever been filed by AGIS Software in California. *Id.* ¶ 21.

Lyft does not specifically allege that general jurisdiction exists over AGIS Software. *See generally* Dkt. 1. Nonetheless, Lyft's bare bones allegations are insufficient to establish general jurisdiction over AGIS Software. *See P.I.C.* Int'l, 2017 WL 3583122, at *2 ("'[B]are formulaic accusations' that a defendant maintains sufficient contacts with California are inadequate[.]'") (citation omitted). Additionally, none of Lyft's other allegations (*see* Dkt. 1 at ¶¶ 6-22), even if true, establishes contacts that are so "continuous and systematic" so as to render AGIS Software "essentially at home" in California. *See Autogenomics, Inc.*, 566 F.3d at 1017 ("[T]his is a classic case of sporadic and insubstantial contacts with the forum state, which are not sufficient to establish personal jurisdiction over the defendants in the forum.") (citation omitted). Instead, Lyft lists the purported contacts of AGIS Software's sister entity, AGIS, Inc., to argue that jurisdiction is proper over AGIS Software. Dkt. 1 ¶¶ 13-20. It is undisputed that AGIS, Inc. is a Florida corporation with its principal place of business in Florida. *Id.* ¶ 2. AGIS, Inc. is not registered to do business in California, has no offices in California, and has no employees in California. *Life360*, 2015 WL 5612008, at *5. Rather, Lyft alleges that AGIS, Inc. "marketing and/or provided downloads of its LifeRing product . . . in California." *Id.* ¶ 16. However, Lyft merely identifies companies to which AGIS, Inc. purportedly marketed the LifeRing product to. AGIS, Inc. has never sold LifeRing in California and does not make LifeRing available for download on its website for California consumers. *See Life360*, 2015 WL 5612008, at *3 (concluding that, although AGIS, Inc. provided downloads of LifeRing to a limited number of Navy and military personnel, it did not offer LifeRing *for sale* in California); *id.* at *4 ("LifeRing cannot be downloaded directly from the website, but companies that are interested in LifeRing can fill out an online form to request a download of LifeRing for evaluation."). Similarly, Lyft's reference to the Green Hills Software's press release

RUSS AUGUST & KABAT

referencing a "strategic partnership" with AGIs, Inc. merely refers to LifeRing's compatibility with Green Hills' products. *Id.* at *4. Accordingly, Lyft's allegations are insufficient. *See P.I.C. Int'l*, 2017 WL 3583122, at *2 ("'[B]are formulaic accusations' that a defendant maintains sufficient contacts with California are inadequate[,]").

Accordingly, there is no basis for general jurisdiction over AGIS Software in California. *See Daimler*, 571 U.S. at 157 (defendant corporation with multiple offices, continuous operations, and billions of dollars in sales in California was not "at home" there because California was neither the defendant corporation's principal place of business nor its state of incorporation); *Helicopteros*, 466 U.S. at 416 (no general jurisdiction over defendant in Texas where defendant did not have a place of business in Texas and had never been licensed to do business in the state, even though defendant "[s]ent its chief executive officer to Houston for a contract-negotiation session; accept[ed] into its New York bank account checks drawn on a Houston bank; purchas[ed] helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sen[t] personnel to Bell's facilities in Fort Worth for training"); *Autogenomics*, 566 F.3d at 1017-18 (no general jurisdiction in California over nonresident patent owner that did not have actual physical presence or license to do business in California over nonresident patent owner that did not have actual physical presence or license to do business in California, although owner had attended three conferences in California, had collaborative agreement with California company, sold patented product in California that constituted about 1% of its revenue in year sold, had granted non-exclusive license to patent to California company, and representatives for owner had traveled to California to meet with representatives of plaintiff competitor to negotiate license).

### 2. Specific Jurisdiction Does Not Exist Over AGIS Software in California

Specific jurisdiction focuses on the "relationship among the defendant, the forum, and the litigation." *Daimler AG*, 571 U.S. at 126. To establish specific jurisdiction, the plaintiff must demonstrate that "(1) the defendant purposefully directs its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). Where a patentee is sued for a declaratory judgment of non-infringement or invalidity,

RUSS AUGUST & KABAT

the only activities that can give rise to specific jurisdiction over the patentee are those related to the enforcement or defense of the patent. *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011). Thus, the Court must "examine the jurisdictional facts for conduct whereby the patentee 'may be said to purposefully avail itself *of the forum* and to engage in activity that relates to the validity and enforceability of the patent.'" *Autogenomics*, 556 F.3d at 1020 (citation omitted) (emphasis added).

### a.    Enforcement Actions in Texas Against Alleged California Entities Do Not Support Jurisdiction Over AGIS Software in California

Lyft suggests that personal jurisdiction is proper over AGIS Software based on AGIS Software's filing of patent infringement actions involving the Patents-in-Suit against an entity allegedly incorporated in California (Apple, Inc.) and an entity with an alleged primary place of business in California (ZTE (TX), Inc.). *See* Dkt. 1 ¶¶ 8-11. However, the only efforts AGIS Software has made to enforce its rights in the Patents-in-Suit against *any* party or entity, including Apple, Inc. and ZTE (TX) Inc., are the filing of cases in the Eastern District of Texas which is insufficient to confer personal jurisdiction over AGIS Software in California. Lyft also suggests that personal jurisdiction over AGIS Software is proper based on a suit filed by AGIS Software's sister company, Advanced Ground Information Systems, Inc. ("AGIS") against another alleged California entity, Life360 which was filed in Florida, Inc. Dkt. 1 ¶ 13. But this case is irrelevant because it did not involve AGIS Software. *See Life360* Case, Dkt. 1.

The Federal Circuit "made clear" in *Avocent* and reiterated in *Radio Systems Corporation* that "enforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum." *See Radio Sys. Corp.*, 638 F.3d at 792; *see also Avocent*, 552 F.3d at 1339 (no personal jurisdiction over defendant in forum despite defendant previously filing litigation to enforce patents because litigation was pursued outside the forum state). In accordance with this precedent, "a number of district courts have rejected personal jurisdiction premised solely on prior judicial actions in other states *even when brought against a forum resident*." *Adobe*, 2014 WL 4651654 at *4 (emphasis added); *see also Kyocera*, 2018 WL 51112056, at *3; *Juniper Networks, Inc. v. SSL Servs., LLC*, No. C08-5758 SBA, 2009 WL 3837266 (N.D. Ca. Nov. 16, 2009), *aff'd*,

2010 WL 5140471 (Fed. Cir. Dec. 13, 2010).

In *Adobe Sys., Inc. v. Tejas Research, LLC*, No. C-14-0868 EMC, 2014 WL 4651654, at *3-*5 (N.D. Cal. Sept. 17, 2014), the court evaluated whether it could exercise personal jurisdiction over a defendant in a declaratory judgment action where the defendant has previously pursued infringement actions involving the same patent-in-suit against a number of California-based companies in a court outside the forum.  After reviewing Federal Circuit precedent, the court held "the fact that [the defendant] had pursued enforcement actions against California residents in the Eastern District of Texas does not support the exercise of personal jurisdiction of [the defendant] in California." *Adobe*, 2014 WL 4651654, at *5.  The court reasoned that enforcement actions pursued outside of the forum state failed to show that the defendant had "purposefully availed itself of conducting activities *within the forum state*, thus invoking the benefits and protections of its laws," as is required for the exercise of personal jurisdiction. *Id.* at *4 (citation omitted).  The court also rejected the argument that personal jurisdiction was proper based on licensing agreements between the defendant and California entities because the nature of *non-exclusive* licenses did not create "continuing obligations" of the type sufficient to establish personal jurisdiction in California. *Id.* at *6.

In *Kyocera Int'l, Inc. v. Semcon IP, Inc.*, No. 3:18-CV-1575-CAB-MDD, 2018 WL 5112056, at *3 (S.D. Cal. Oct. 19, 2018), the court applied this precedent to similar facts and reached the same conclusion—that the filing of enforcement actions involving the patents-in-suit in Texas, even if against California entities, is insufficient to establish personal jurisdiction over the defendant in California. *Id.* (holding plaintiff "offers no evidence that [the defendant] has engaged in any . . . 'other activities' in or directed to California.").  Accordingly, the court held "[t]hat two of the defendants in the twelve patent infringement lawsuits filed in Texas happen to have principal places of business in California is insufficient, without more, to satisfy the obligation to demonstrate that [the defendant] *purposefully directed* its enforcement activities at California." *Id.* at *3.

The same analysis applies here, where AGIS Software's efforts to enforce its rights in the Patents-in-Suit against *any* entity, including entities allegedly incorporated in California or that

11

RUSS AUGUST & KABAT

allegedly have places of business in California, consisting of litigating patent infringement actions in the Eastern District of Texas, not California.  These out-of-state activities are insufficient to show AGIS Software *purposefully availed* itself of the "privilege of conducting activities within [California], thus invoking the benefits and protections of its laws," as required for the exercise of personal jurisdiction." *Kyocera*, 2018 WL 5112056, at *3; *see also Juniper Networks*, 2009 WL 3837266, at *3-*4 (rejecting "novel argument that the act of filing a [patent infringement] lawsuit against an alleged California resident—in a Texas district court—is sufficient to make a prima facia showing that [the defendant] has purposefully availed itself of the privilege of conducting activities within [California].").[1]

> **b.      Personal Jurisdiction Over AGIS Software Would Not Comport With Fair Play and Substantial Justice**

Lyft has not met its burden to show that (1) AGIS has purposefully directed its activities at residents of the forum; and (2) the claims arise out of or relate to these activities.  Nonetheless, the Court would still lack personal jurisdiction over AGIS Software because exercising such jurisdiction would not comport with fair play and substantial justice.  As shown, AGIS has not purposefully directed any conduct constituting the requisite "other activities" at California related to the enforcement or defense of the Patents-in-Suit sufficient to show that exercising jurisdiction would be fair.  Indeed, this District has held that "[g]rounding personal jurisdiction on [a patent infringement lawsuit filed by the defendant against a forum resident in a different forum] alone would *not* comport with principles of fairness." *CommVault Sys., Inc. v. PB&J Software, LLC*, 2013 WL 3242251, at *2 (N.D. Cal. June 25, 2013) (emphasis added).  Further, "[s]tandards of fairness demand that [the defendant] be insulated from personal jurisdiction in a distinct foreign forum when

---

[1] In *Lyft, Inc. v. Quartz Auto Techs. LLC*, the Court held there were sufficient contacts where defendant had pre-suit communications directed to Lyft regarding potential infringement and pre-suit attempts to extract a license from Lyft.  No. 4:21-cv-01871, Dkt. 44 (N.D. Ca. Sept. 7, 2021).  Here, Lyft does not, and cannot, allege that AGIS Software and Lyft have had any pre-suit communication sufficient to find personal jurisdiction over AGIS Software.  *See* Beyer Decl. at ¶ 22.

RUSS AUGUST & KABAT

12

its only contacts with that forum were efforts to give proper notice of its patent rights." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998); *see also Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002) (dismissing declaratory judgment action for lack of personal jurisdiction despite patentee's efforts to license products to plaintiffs in the forum state because all "documented contacts were for the purpose of warning against infringement or negotiating license agreements, and [the plaintiff] lacked a binding obligation in the forum."); *Avocent*, 552 F.3d at 1333-34.

Thus, the exercise of personal jurisdiction over AGIS Software would not comport with notions of fairness, and Lyft's Complaint must be dismissed.

### c.   Lyft Fails to Meet its Burden to Establish that Imputation is Warranted

Lyft's Complaint does not include a single allegation supporting an imputation theory of personal jurisdiction.  Dkt. 1.  Instead, Lyft states without support that AGIS Software is an "alter ego" of AGIS, Inc. and AGIS Holdings, Inc. *Id.* ¶¶ 14, 22.  The Complaint does not allege a single fact regarding the relationship between AGIS, Inc., AGIS Holdings, and AGIS Software, nor any fact showing that AGIS Software has any contacts with California or the details of those contacts. *Id.*  Instead, Lyft lists the purported activities of AGIS, Inc. in California and thus concludes that "[a]s a result of the foregoing allegations, AGIS Software either individually or as an alter ego of AGIS, is subject to personal jurisdiction within this judicial district."  *See* Dkt. 1 ¶¶ 13-21.

Lyft has failed to meet its burden to show that imputing the purported contacts of AGIS, Inc. to AGIS Software is warranted.  The law is well-settled that "the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception . . ." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380 (Fed Cir. 1998) (declining to find an alter ego relationship or impute activities of one to the other).  Moreover, the existence of a parent-subsidiary or mere sister-sister entity relationship "is *not* sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 954 (N.D. Cal. 2015) (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001)).

RUSS AUGUST & KABAT

RUSS AUGUST & KABAT

1  The actions of a third party may be imputed to a defendant under the alter ego exception.

2  *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015); *accord Stewart*, 81 F.

3  Supp. 3d at 954 (recognizing that contacts may be imputed where an "alter ego relationship exists

4  among sister companies that are alter egos of each other and operate as part of a single enterprise").[2]

5  To establish jurisdiction under an alter ego theory, "a plaintiff must make out a prima facie showing:

6  (1) that there is such unity of interest and ownership that the separate personalities of the two

7  corporations no longer exist; and (2) if the acts are treated as those of only one of the corporations,

8  an inequitable result will follow." *Stewart*, 81 F. Supp. 3d at 960.  This theory envisions "pervasive

9  control" over the affiliate entity, "such as when a parent corporation dictates every facet of the

10  subsidiary's business—from broad policy decisions to routine matters of day-to-day operations.

11  *Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015).  In evaluating whether a "unity of interest"

12  exists, courts may consider the commingling of funds and other asserts of the entities, the holding

13  out by one entity that it is liable for the debts of the other, the use of one entity as a mere shell or

14  conduit for the affairs of the other, inadequate capitalization, disregard of corporate formalities and

15  lack of segregation of corporate records.  *Id.*  "Total ownership and shared management personnel

16  are alone insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073.

17  Lyft fails to allege facts sufficient to make out a prima facie case that AGIS, Inc. and AGIS

18  Software are alter egos.  *See generally* Dkt. 1 ¶¶ 13-21.  For example, Lyft's Complaint lacks a single

19  allegation relating to the elements required to establish a prima facie case including whether a

20  sufficient unity of interest exists, and whether failure to attribute the acts to both entities would lead

21  to an inequitable result.  *Id.*  Nonetheless, Lyft does not, and cannot, establish that AGIS Software

22  is an alter ego of AGIS, Inc. based on AGIS, Inc's non-exclusive license to the Patents-in-Suit.  *See*

23  _____

24  [2] Contacts may also be imputed under the agency theory, which Lyft does not rely on nor asserts

25  any facts to show that AGIS Software exercises control over the activities of AGIS, Inc. sufficient

26  to establish an agency relationship.  Thus, the agency theory is inapplicable.  *Celgard*, 792 F.3d at

27  1379 (declining to find agency relationship where plaintiff "failed to point to any evidence on the

28  record establishing that the dealers were operating [ ] as agents").

*NXP Semiconductors USA, Inc. v. Brevets*, 2014 WL 4621017, at *12 (N.D Cal. Sept. 15, 2014). Whether AGIS Software and AGIS, Inc. share common officers does not support Lyft's alter ego theory because "in the absence of evidence of actual control, courts generally presume that directors can and do 'change hats' to represent each corporation separately, despite their overlapping obligations as officers or directors for more than one entity." *Stewart*, 81 F. Supp. 3d at 954; *see also Allphin v. Peter K. Fitness, LLC*, 2014 WL 6997653, at *5 (N.D.Cal. Dec. 11, 2014) ("Courts generally presume that directors are wearing their subsidiary hats and not their parent hats when acting for the subsidiary."). Thus, Lyft has failed to establish AGIS, Inc. and AGIS Software are alter egos. *See, e.g., Celgard*, 792 F.3d at 1379 ("[Plaintiff] has not alleged facts sufficient to base jurisdiction on the acts of an alter ego.").

Lastly, Lyft alleges that "AGIS Holdings registered AGIS Software in Texas . . . 20 days before filing the above patent infringement cases against Apple and ZTE." Dkt. 1 ¶ 12. Judge Gilstrap of the Eastern District of Texas has already *twice* rejected the arguments alleging AGIS Software is a "sham" entity or that it was created for litigation purposes, in the context of transfer motions. *See AGIS Software Dev. LLC v. Apple, Inc.*, 2018 WL 2721826, at *3 (E.D. Tex. June 6, 2018) (rejecting argument that AGIS Software is a "sham" entity and ephemeral because the absence of evidence that the business is actually a sham and has no real operations); *see also AGIS Software Dev. LLC v. HTC Corp.*, 2018 WL 4680557, at *10 (E.D. Tex. Sept. 28, 2018) . Both of these decisions were left undisturbed by the Federal Circuit on petitions for writs of mandamus. *In re LG Elecs., Inc.*, No. 2019-107 (Fed. Cir. Jan. 24, 2019) ; *In re Apple, Inc.*, No. 2018-151 (Fed. Cir. Oct. 16, 2018). Accordingly, Lyft has failed to establish AGIS Software and AGIS, Inc. are alter egos, and the purported contacts of AGIS, Inc. must be disregarded. *See 3D Sys.*, 160 F.3d at 1380 ("the corporate form is not to be lightly cast aside").

## V.      LYFT'S COMPLAINT SHOULD BE DISMISSED UNDER THE FIRST-TO-FILE RULE

The first-to-file rules applies here because of "the chronology and similarity of the two lawsuits." *Marvell Semiconductor Inc. v. Monterey Res., LLC*, 2020 WL 6591197, at *1 (N.D. Cal. Nov. 11, 2020). First, Lyft does not, and cannot, dispute that the *Lyft* Texas case was filed nearly

RUSS AUGUST & KABAT

five months before the present action.  *See Ruckus*, 2012 WL 588792, at *2.  AGIS Software filed a complaint against Lyft on January 29, 2021.  *Lyft* Texas case, Dkt. 1. The present action was filed on June 16, 2021.  Dkt. 1.  Accordingly, the Texas action is the first-filed action.

Second, Lyft cannot dispute that the identity of the parties is identical in both actions.  *See Ruckus*, 2012 WL 588792, at *2.  While the Texas action has been consolidated and includes additional defendants not involved in this action, "their presence does not preclude application of the first-to-file rule because the 'similar parties' requirement does not require exact identity."  *SMIC*, 473 F. Supp. 3d at 1026.  Accordingly, this factor is satisfied.

Third, under the third factor which addresses the similarity of the issues, "[t]he issues in both cases also need not be identical, only substantially similar."  *Id.*  In assessing whether the suits involve substantially similar issues, "a court must look at whether there is 'substantial overlap' between the two suits."  *Id.*  Lyft's Complaint alleges non-infringement of the same Patents-in-Suit as the Texas action.  Accordingly, the issues involved are "closely related patent infringement questions."  *Ruckus*, 2012 WL 588792, at *2.  As such, "jurisdiction in the . . . forum of the first-filed action, is preferred."  *Ruckus*, 2012 WL 588792, at *2.  Accordingly, all three factors weigh in favor of applying the first-to-file rule.  *EMC Corp. v. Bright Response, LLC*, 2012 WL 4097707, at *2 (N.D. Cal. Sept. 17, 2012) .

Lastly, no exceptions to the first-to-file rule apply here.  *See id.* ("A court's decision to depart from this general rule must present a 'sound reason that would make it unjust or inefficient to continue the first-filed action.").  Exceptions to the first-to-file rule arise under circumstances which include bad faith, anticipatory suit, and forum shopping.  *Id.* at *3.

When weighing exceptions to the first-to-file rule, "courts will often consider the convenience factors in 28 U.S.C. § 1404(a)."  *SMIC*, 473 F. Supp. 3d at 1027.  These factors include: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) local interest in the controversy; and (8) the relative congestion of each forum."  *Id.*  Nonetheless, the convenience factors favor application of the first-

RUSS AUGUST & KABAT

1   to-file rule.  These issues have already been presented in the EDTX.  *See Lyft* Texas case, Dkt. 63

2   (E.D. Tex. May 25, 2021); *see also SMIC*, 473 F. Supp. At 1027 ("[T]he Court finds that these issues

3   would have been more suitable in a motion to transfer venue in the Texas litigation.").   As

4   demonstrated in AGIS Software's opposition to Lyft's Motion in the Texas action, the convenience

5   of the parties, convenience of the witnesses, and ease of access to the evidence all weigh in favor of

6   first-to-file rule where AGIS Software is a Texas corporation with its principal place of business in

7   EDTX.  Ex. A, *Lyft* Texas case, Decl. of Malcolm K. Beyer, Jr. ¶¶ 8-21.  Allowing this case to move

8   forward alongside the Texas action "would result in duplicative judicial efforts and risk inconsistent

9   results as both courts would be tasked with construing claims and issuing decisions regarding the

10  same patents."  *Id.*  In addition, the EDTX is already familiar with a number of the Patents-in-Suit

11  from prior litigation, including the issuance of two claim construction orders.  *See AGIS Software*

12  *Dev. LLC v. Huawei Device USA Inc., et al.*, No. 2:17-cv00513-JRG, Dkt. 205 (E.D. Tex. Oct. 10,

13  2018) ; *AGIS Software Dev. LLC v. Google* LLC, No. 2:19-cv-000361-JRG, Dkt. 147 (E.D. Tex.

14  Dec. 8, 2020) .  AGIS Software has already submitted preliminary infringement contentions and the

15  *Markman* hearing has already been scheduled for October. *See AGIS Software Dev. LLC v. T-Mobile*

16  *USA, Inc.*, No. 2:19-cv-00072-JRG, Dkt. 80 (E.D. Tex. June 4, 2021) .  "'[T]he risk of inconsistent

17  judgments and waste of judicial resources must outweigh the equitable concern' of the parties'

18  connections to Texas."  *SMIC*, 473 F. Supp. 3d at 1028.

19      In addition, any claims for improper venue in the Texas action are "not immediately

20  apparent" and any claims regarding forum shopping would be duplicative of Lyft's briefing in the

21  EDTX.  *Marvell*, 2020 WL 6591197, at *1; *EMC Corp.*, 2012 WL 4097707, at *4 ("[S]uch bases

22  for a forum shopping argument substantially overlap with the arguments EMC has raised in its

23  motion to transfer before the Texas court under § 1404.").  The EDTX has not ruled on Lyft's motion

24  to dismiss for improper venue but has scheduled an evidentiary hearing on September 29, 2021

25  regarding Lyft's pending motion.  *See AGIS Software Dev. LLC v. T-Mobile USA, Inc. et al.*, No.

26  2:21-cv-00072-JRG, Dkt. 125 (E.D. Tex. Aug. 18, 2021); *EMC Corp.*, 2012 WL 4097707, at *4

27  ("Even if a defendant in a patent case feels strongly that venue is lacking in the first lawsuit, there is

28

RUSS AUGUST & KABAT

17

simply no need to file a duplicative lawsuit for declaratory relief in a different court."). While Lyft has filed this duplicative lawsuit "because the case law seems to leave room for this practice," "the law *should not* leave room for this practice, particularly in patent cases, which are expensive and time-consuming enough as it is." *Id.* ("There is no need to drag a second judge into addressing the initial question of whether venue is proper in the first lawsuit, and no need to keep a second lawsuit on file while waiting for the first judge to rule on that question."). Rather than await a decision regarding whether venue is proper in the first-filed case or whether the first-filed case should be transferred for convenience," Lyft has elected to file a duplicative lawsuit. *Id.* ("[T]he answer is to file a motion to that effect, not to file a duplicative lawsuit in a different court."). Accordingly, Lyft's Complaint reflects "[t]he practice of allowing parties in patent cases to bring duplicative lawsuits, and then allowing them to keep those lawsuits on file in the hope the initial lawsuit is dismissed," which is "nothing but a waste of time and money for the parties and the courts." *Id.* (holding that "dismissal without prejudice is warranted").

## VI.     IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED PENDING A DECISION IN THE TEXAS ACTION

AGIS Software respectfully requests that the Court stay the present action pending Lyft's motion. Lyft has filed a motion to the dismiss in the Texas action which is currently pending in the EDTX. Accordingly, "[t]he administration of justice would be chaotic indeed if one district court could order another [pursuant to § 1404(a)] to divest itself of jurisdiction and to transfer a case properly before it . . . the same risk is present where the court in a second-filed action considers the convenience factors in connection with a motion to dismiss pursuant to the first-to-file rule." *Genentech*, 2010 WL 4923954, at *2.

Indeed, this issue has been fully briefed in the Texas action and courts in this District have held that "the court with jurisdiction over the first-filed action should weigh the convenience factors in the first instance." *Genentech, Inc. v. GlaxoSmithKline* LLC, 2010 WL 4923954, at *4 (E.D. Tex. Dec. 1, 2010); *EMC Corp.*, 2012 WL 4097707, at *3 ("[D]espite the relevance of § 1404 to application of the first-to-file rule, it is typically the first-filed court that should make this determination in the first instance."). Accordingly, the Texas court should be the one to rule on this

RUSS AUGUST & KABAT

question.  *Id.* ("[F]or this Court to issue a ruling would risk inconsistent results, exactly the outcome to be avoided by the rule in the first place.").  As the Texas court has not yet ruled on Lyft's motion to dismiss, and the present action should be stayed pending resolution of Lyft's motion in the Texas action.  *See id.* ("[G]iven the overlapping issues and arguments currently pending before the Texas court, it is preferable to stay the instant action to avoid the risk of inconsistent rulings.").  Moreover, AGIS Software requests, in the alternative, that the *Lyft* Texas case be transferred to the Western District of Texas.

## VII.      CONCLUSION

For the reasons described herein, the Court should dismiss Lyft's Complaint for Declaratory Judgment for lack of personal jurisdiction and under the first-to file rule without leave to amend. Alternatively, the Court should stay this case pending an order in *AGIS Software Dev. LLC v. Lyft, Inc.*, No. 2:21-cv-00026-JRG (E.D. Tex.).

DATED: September 27, 2021                  Respectfully submitted,

                                                                    **RUSS AUGUST & KABAT**
                                                                    By:  */s/ Benjamin T. Wang*
                                                                           Benjamin T. Wang

                                                                    **FABRICANT LLP**
                                                                    Alfred R. Fabricant
                                                                    ffabricant@fabricantllp.com
                                                                    Peter Lambrianakos
                                                                    plambrianakos@fabricantllp.com
                                                                    Vincent J. Rubino, III
                                                                    vrubino@fabricantllp.com
                                                                    411 Theodore Fremd Ave., Suite 206 South
                                                                    Rye, New York 10580
                                                                    Telephone: (212) 257-5797
                                                                    Facsimile: (212) 257-5796

                                                                    *Attorneys for Defendant*
                                                                    AGIS Software Development LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS AUGUST & KABAT

**CERTIFICATE OF SERVICE**

I certify that I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the Northern District of California using the CM/ECF System on September 27, 2021.

I certify that all counsel of record who are deemed to have consented to electronic service are being served on September 27, 2021 with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

DATED: September 27, 2021          */s/ Benjamin T. Wang*
                                   Benjamin T. Wang