UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYFT, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>   Defendant. | Case No. 21-cv-04653-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION WITH LEAVE TO AMEND; GRANTING JURISDICTIONAL DISCOVERY**<br><br>[Re: ECF No. 32] |

Before the Court is Defendant AGIS Software Development LLC's ("AGIS Software") Motion to Dismiss Plaintiff Lyft, Inc.'s ("Lyft") Complaint for lack of personal jurisdiction under Rule 12(b)(2) in this patent declaratory judgment action. Lyft alleges that this Court has personal jurisdiction over AGIS Software based on (1) its patent enforcement and licensing activities directed at California companies and (2) its status as an alter ego of other entities for which it serves as a patent holding company. AGIS Software argues that Lyft has not alleged sufficient facts to support either of its theories of personal jurisdiction. *See* Motion, ECF No. 32; Reply, ECF No. 44. Lyft opposes, or in the alternative seeks jurisdictional discovery. *See* Opposition, ECF No. 41.

Based on the below reasoning, the Court hereby GRANTS AGIS Software's motion WITH LEAVE TO AMEND. Further, the Court GRANTS Lyft's request for jurisdictional discovery.

**I. BACKGROUND**

Lyft is a Delaware limited liability corporation with its principal place of business in California that provides rideshare services through its software applications. *See* Complaint, ECF No. 1 ¶¶ 1, 4; *id.*, Ex. A ¶ 11. AGIS Software is a Texas limited liability company with its principal place of business in Texas. *See id.* ¶ 2. Lyft alleges that AGIS Software is an "agent and alter ego" of Advanced Ground Information Systems, Inc. ("AGIS, Inc."), a Florida corporation

1    with its principal place of business in Florida. *See id.* Lyft further alleges that the sole member of
2    AGIS Software is AGIS Holdings, Inc. ("AGIS Holdings"), a Florida corporation with its principal
3    place of business at the same Florida location as AGIS, Inc. *See id.*

4          On January 29, 2021, AGIS Software filed a patent infringement action against Lyft in the
5    Eastern District of Texas regarding U.S. Patent Nos. 7,031,728 ("'728 Patent"); 7,630,724 ("'724
6    Patent"); 8,213,970 ("'970 Patent"); 10,299,100 ("'100 Patent"); and 10,341,838 ("'838 Patent")
7    (collectively, the "Patents-in-Suit") based on "the Lyft and Lyft Driver applications and the related
8    services and/or servers for the applications." *See id.* ¶ 4. The Patents-in-Suit generally pertain to
9    mobile applications. The case was consolidated with AGIS Software's cases against T-Mobile US,
10   Inc., T-Mobile USA, Inc. (collectively, "T-Mobile"), Uber Technologies, Inc. ("Uber"), and
11   WhatsApp, Inc. ("WhatsApp") before Judge Gilstrap. On January 19, 2022, Judge Gilstrap
12   dismissed Lyft from the case for improper venue. *See AGIS Software Dev. LLC v. T-Mobile USA,*
13   *Inc.*, No. 2:21-cv-00072-JRG-RSP, ECF No. 212 (E.D. Tex. Jan. 19, 2022). AGIS Software's
14   claims against T-Mobile and WhatsApp in the Eastern District of Texas have been dismissed. *See*
15   *id.*, ECF Nos. 169, 220. Further, AGIS Software's case against Uber has been stayed pending
16   dismissal following settlement. *See id.*, ECF No. 355.

17         On June 16, 2021, while AGIS Software's Eastern District of Texas action against Lyft was
18   still pending, Lyft filed the present action for declaratory judgment of noninfringement of the same
19   patents asserted against it in the Texas case. *See* Complaint, ECF No. 1. On September 27, 2021,
20   AGIS Software moved to dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction.
21   *See* ECF No. 32.

22         In its Motion, AGIS Software argues that the only contacts Lyft alleges it has with California
23   are several enforcement actions against California companies in the Eastern District of Texas, which
24   are insufficient for a showing of general or specific jurisdiction. *See* Motion, ECF No. 32 at 6–13.
25   Further, AGIS Software argues that Lyft has failed to meet its burden for showing that AGIS
26   Software is an alter ego of AGIS, Inc. and AGIS Holdings. *See id.* at 13–15. Additionally, AGIS
27   Software argues that the case should be dismissed under the first-to-file rule based on the Eastern
28   District of Texas action. *See id.* at 15–18. Lyft opposes, arguing that (1) AGIS Software's licensing

negotiations with California companies are sufficient for a showing of specific jurisdiction; (2) AGIS Software should not be able to avoid AGIS, Inc's contacts with California based on corporate structure; and (3) dismissal based on the first-to-file rule is not appropriate. *See* Opposition, ECF No. 41 at 9–17. Alternatively, Lyft seeks jurisdictional discovery consisting of five interrogatories and one four-hour Rule 30(b)(6) deposition. *See id.* at 17–18.

On October 5, 2021, AGIS Software moved to transfer this action to the Eastern District of Texas. *See* ECF No. 34 at 5–9. The Court will rule on the motion to transfer in a separate order.

The Court held a hearing on the motions to dismiss and transfer on January 27, 2022.

## II. LEGAL STANDARD

Federal Circuit law governs the personal jurisdiction analysis in a declaratory judgment action for patent non-infringement. *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). Courts engage in a two-step inquiry to analyze personal jurisdiction: (1) whether the state's long-arm statute extends to a defendant; and (2) whether the assertion of personal jurisdiction violates due process. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348–49 (Fed. Cir. 2002). "[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998). When the "determination of personal jurisdiction is based on affidavits and other written materials, and no jurisdictional hearing is conducted," the party asserting jurisdiction bears only a prima facie burden. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

"Depending on their nature and number, a defendant's contacts with a forum can provide a court with general jurisdiction or specific jurisdiction." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009). General jurisdiction exists when a defendant maintains "continuous and systematic" contacts with the forum even when the cause of action has no relation to those contacts. *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)).

3

### III. DISCUSSION

#### A. General Jurisdiction

Lyft does not allege that the Court has general jurisdiction over AGIS Software. *See* Complaint, ECF No. 1 ¶¶ 6–21; Opposition, ECF No. 35.

#### B. Specific Jurisdiction

AGIS Software argues that Lyft has not alleged sufficient facts to show that this Court has specific jurisdiction over AGIS Software. The three factors for assessing whether the exercise of specific personal jurisdiction comports with due process are: "1) whether the defendant 'purposefully directed' its activities at residents of the forum; 2) whether the claim 'arises out of or relates to' the defendant's activities in the forum; 3) whether the exercise of jurisdiction is 'reasonable and fair.'" *Deprenyl Animal Health*, 297 F.3d at 1351 (citations omitted). As to the third factor (also called the "fair play and substantial justice" prong), the burden of proof is on the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Breckenridge Pharm.*, 444 F.3d at 1362–63. The "minimum contacts" analysis focuses on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citation omitted). "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* (emphasis in original; citation omitted). The "plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State." *Id.* at 285.

In support of specific jurisdiction, Lyft alleges that AGIS Software has brought patent suits in the Eastern District of Texas against companies with principal places of business or operations in California, including Apple, ZTE, WhatsApp, Google, and Uber. *See* Complaint, ECF No. 1 ¶¶ 8–12; Opposition, ECF No. 41 at 10–11. AGIS Software argues that these contacts are not enough, since the Federal Circuit has held that patent enforcement actions outside the forum state do not give rise to personal jurisdiction in the forum. *See* Motion, ECF No. 32 at 10–12 (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1339 (Fed. Cir. 2008)). In response, Lyft argues that based on the recent *Trimble* case, AGIS Software's patent licensing and negotiating activities with California companies are sufficient to show specific jurisdiction. *See* Opposition,

4

ECF No. 41 at 9–12 (citing *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147 (9th Cir. 2021)). On reply, AGIS Software argues that since its negotiations were related to infringement actions outside of the Northern District of California, such negotiations are insufficient for a showing of personal jurisdiction. *See* Reply, ECF No. 44 at 6.[1]

The Court agrees with AGIS Software. While *Trimble* appears to have created a path for plaintiffs to show personal jurisdiction over defendants based on their patent enforcement-related communications with forum residents, Lyft has not alleged enough facts to indicate that this case involves a situation similar to the one in *Trimble*. *Trimble* involved a very specific set of facts—the defendant engaged in prolonged negotiations with the California company plaintiff, communicating "via letter, email, or telephone at least twenty-two times," in which the defendant "amplified its threats of infringement as the communications continued, asserting more patents and accusing more of Trimble['s] . . . products of infringement." *Trimble*, 997 F.3d at 1157. Accordingly, the Federal Circuit found that the defendant's "attempts to extract a license in this case are much more akin to 'an arms-length negotiation in anticipation of a long-term continuing business relationship,' over which a district court may exercise jurisdiction." *Id.* (quoting *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998)).

In contrast to the detailed allegations in *Trimble*, Lyft can only generally allege licensing negotiations between AGIS Software and California companies. *See* Complaint, ECF No. 1 ¶¶ 7–11 ("AGIS Software has entered into agreements relating to the Patents-in-Suit with companies in this District[.]"); Opposition, ECF No. 41 at 9–11 ("Discovery will show that those communications, negotiations, and entering of settlement agreements with Apple and WhatsApp (both headquartered in this District) and likely ongoing negotiations concerning licensing its patents with Google and Uber in pending lawsuits, are also based in this District."). Accordingly, the Court finds that Lyft has failed to meet its burden of showing that AGIS Software purposefully directed its activities at

---

[1] The parties also raise arguments about the fair play and substantial justice element of specific jurisdiction. Since the Court does not reach this element in its analysis, the Court omits these arguments from its summary of the briefing.

residents of the forum based on *Trimble*.

AGIS Software also challenges whether, under Federal Circuit precedent like *Avocent* and *Radio Systems*, a defendant's negotiations with a resident of one forum after filing a patent infringement action against the resident in another forum are sufficient for specific jurisdiction in the first forum. *See Avocent*, 552 F.3d at 1339; *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 792 (Fed. Cir. 2011). The Court notes that *Trimble* is a recent case that came after *Avocent* and *Radio Systems*, so this may be a novel question. The Court does not need to resolve this question now, since it is unclear based on the Complaint that the alleged negotiations took place after the filing of AGIS Software's Eastern District of Texas patent suits. Since the Court grants Lyft leave to amend as outlined below, the Court will defer ruling on this question until it has Lyft's amended pleading before it.

Because Lyft has not met its burden to satisfy the purposeful direction prong, the Court does not reach the second or third prongs of the test for specific jurisdiction.

\* \* \*

Based on the above reasoning, Lyft has failed to meet its burden for showing that this Court has specific jurisdiction over AGIS Software.

### C. Single-Enterprise Liability

AGIS Software argues that Lyft has also failed to meet its burden for showing that AGIS, Inc.'s contacts with California should be imputed to AGIS Software. *See* Motion, ECF No. 32 at 13–15. For purposes of specific personal jurisdiction, the contacts of a third-party may be imputed to the defendant under an alter ego theory. *See Celgard*, 792 F.3d at 1379. However, "the corporate form is not to be lightly cast aside" and "the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1380 (Fed. Cir. 1998). Courts have found alter ego between entities where (1) "there is a unity of interest and ownership such that separate personalities of the two entities no longer exist"; and (2) "failure to disregard their separate identities would result in fraud or injustice." *See*

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (quotations and alterations omitted).[2]

Lyft alleges that AGIS Software is an alter ego of AGIS Holdings and AGIS, Inc., the latter of which has various contacts with California related to its LifeRing product. *See* Complaint, ECF No. 1 ¶¶ 14–21. Lyft alleges that AGIS Holdings registered AGIS Software in Texas on June 1, 2017—20 days before AGIS Software began its first patent litigation campaign in the Eastern District of Texas. *See id.* ¶ 12. Further, in AGIS Software's complaint in the Eastern District of Texas action against Lyft, which is attached to the Complaint, AGIS Software alleges that it licenses its patent portfolio to AGIS, Inc. *See* Complaint, ECF No. 1, Ex. A ¶ 22. AGIS Software argues that allegations of (1) AGIS, Inc's non-exclusive license to the Patents-in-Suit and (2) common officers are not enough for a showing of alter ego. *See* Motion, ECF No. 32 at 14–15. Further, AGIS Software argues that courts have repeatedly rejected the argument that AGIS Software is a "sham" entity. *See id.* at 15. In response, Lyft argues that in light of the *Dainippon* case, AGIS, Inc. should not be allowed to "transfer its patents to [a] holding company, arrange to have those patents licensed back to itself by virtue of its complete control over the holding company, and threaten its competitors with infringement without fear of being a declaratory judgment defendant." *See* Opposition, ECF No. 41 at 6–9 (quoting *Dainippon*, 142 F.3d at 1271).

The Court agrees with AGIS Software. Lyft has alleged minimal facts in support of its alter ego claim. Lyft has pointed to the fact that AGIS Software licensed the Patents-in-Suit to AGIS, Inc., and circumstantial evidence regarding the proximity of AGIS Software's formation and its first patent infringement suits. The Court finds that these facts are not sufficient to meet Lyft's burden for showing that AGIS Software, AGIS, Inc., and AGIS Holdings had a unity of interest. The Federal Circuit has made it clear that disregarding the corporate entity is for exceptional

---

[2] Courts within this circuit have cited both Federal Circuit and Ninth Circuit precedent in determining personal jurisdiction in patent cases. *See, e.g.*, *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C–10–4458 EMC, 2011 WL 1654466, at *3 (N.D. Cal. Apr. 28, 2011); *ZTE (USA) Inc. v. AGIS Software Dev. LLC*, No. 18–cv–06185–HSG, ECF No. 114, at 5 (N.D. Cal. Sep. 12, 2019).

circumstances only. *See, e.g., 3D Sys.*, 160 F.3d at 1380. The Court finds that Lyft's scant allegations are insufficient to meet the burden of showing that such circumstances are present here. *See, e.g.*, *ZTE (USA) Inc. v. AGIS Software Dev. LLC*, No. 18–cv–06185–HSG, ECF No. 114, at 5 (N.D. Cal. Sep. 12, 2019) ("[T]he Federal Circuit has not held that the mere assignment of patents to a subsidiary renders that assignee a sham entity.")

Accordingly, the Court finds that Lyft has failed to meet its burden for showing that AGIS, Inc. and AGIS Holdings' contacts should be imputed to AGIS Software.

### D.  First-to-File Rule

AGIS Software further argues that this case should be dismissed or stayed based on the first-to-file rule in light of its Eastern District of Texas case against Lyft. *See* Motion, ECF No. 32 at 15–19. Since AGIS Software's claims against Lyft in the Eastern District of Texas have been dismissed and the Eastern District of Texas case has been stayed due to AGIS Software's settlement with Uber, the Court declines to dismiss this case based on the first-to-file rule. *See AGIS Software Dev. LLC v. T-Mobile USA, Inc.*, No. 2:21-cv-00072-JRG-RSP, ECF No. 355 (E.D. Tex. Jan. 26, 2022).

### E.  Request for Jurisdictional Discovery

"A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks and citation omitted). Courts require a plaintiff to establish a "colorable" basis for personal jurisdiction before granting jurisdictional discovery. *See, e.g.*, *Mitan v. Feeney*, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007). "This 'colorable' showing should be understood as something less than a *prima facie* showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id.* at 1119 (citations omitted).

Lyft seeks jurisdictional discovery consisting of five interrogatories and one four-hour Rule 30(b)(6) deposition "to further explore the considerations as to the connection between AGIS, Inc. and AGIS . . . and its collective contacts with California, as well as explore issues as to Malcolm

8

1    Beyer's—CEO of both entities and first named inventor—involvement with both entities and the
2    Patents-in-Suit." *See* Opposition, ECF No. 41 at 17–18.  Lyft argues that the Court should grant it
3    leave to conduct jurisdictional discovery because it has presented more than a colorable basis for its
4    specific jurisdiction and alter ego theories.  *See* Opposition, ECF No. 41 at 17–18.  In response,
5    AGIS Software argues that (1) Lyft's specific jurisdiction theory is fundamentally flawed because
6    the communications it alleges between AGIS Software and California companies were all conducted
7    post-suit among counsel and (2) Lyft's alter ego theory is based on speculation and "little more than
8    a hunch."  *See* Reply, ECF No. 44 at 10–11 (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020
9    (9th Cir. 2008)).

10   Regarding Lyft's claim that the Court has specific jurisdiction over AGIS Software, the
11   Court finds that Lyft has established a "colorable" basis for personal jurisdiction under *Trimble*
12   based on AGIS Software's patent enforcement communications with California companies.  *Feeney*,
13   497 F.Supp.2d at 1119; *see Trimble*, 997 F.3d 1147.  As the Court outlined above, it defers the
14   question of post-suit communications raised by AGIS Software, since it is not clear from the
15   Complaint that all the alleged communications between AGIS Software and California companies
16   took place after the filing of AGIS Software's lawsuits.  The Court GRANTS Lyft leave to pursue
17   jurisdictional discovery to seek more facts regarding these communications.

18   Regarding Lyft's claim that AGIS Software is an alter ego of AGIS, Inc. and AGIS
19   Holdings, the Court finds that Lyft has presented sufficient facts to justify jurisdictional discovery.
20   While Lyft's alleged facts are scant and circumstantial, they are sufficient to suggest a situation
21   similar to the one the Federal Circuit warned against in *Dainippon*.  *See Dainippon*, 142 F.3d at
22   1271; *see also In re Microsoft Corp.*, 630 F.3d 1361, 1364–65 (Fed. Cir. 2011).  Accordingly, the
23   Court GRANTS Lyft leave to pursue jurisdictional discovery regarding the relationship between
24   AGIS Software, AGIS, Inc., and AGIS Holdings and their contacts with California.
25   / / /
26   / / /
27   / / /
28   / / /

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. AGIS Software's Motion to Dismiss is GRANTED WITH LEAVE TO AMEND;
2. Lyft's request for jurisdictional discovery in the form of five interrogatories and one four-hour Rule 30(b)(6) deposition is GRANTED;
3. Lyft SHALL file an amended complaint within 14 days of the completion of jurisdictional discovery; and
4. Lyft SHALL not add any new claims or new parties to the amended complaint without the leave of the Court or a stipulation with AGIS Software.

Dated:  January 28, 2022

BETH LABSON FREEMAN
United States District Judge