# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LYFT, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>   Defendant. | Case No. 21-cv-04653-BLF<br><br>**ORDER DENYING MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. 1404(A)**<br><br>[Re: ECF No. 34] |

Before the Court is AGIS Software Development LLC's ("AGIS Software") Motion to Transfer to the United States District Court for the Eastern District of Texas Pursuant to 28 U.S.C. § 1404(a) in this declaratory judgment action brought by Lyft, Inc. ("Lyft") regarding various AGIS Software patents. Lyft seeks declaratory judgment of non-infringement as to five AGIS Software patents: U.S. Patent Nos. 7,031,728 ("'728 Patent"); 7,630,724 ("'724 Patent"); 8,213,970 ("'970 Patent"); 10,299,100 ("'100 Patent"); and 10,341,838 ("'838 Patent") (collectively, the "Asserted Patents" or "Patents-in-Suit"). The Patents-in-Suit generally pertain to mobile applications. AGIS Software previously sued Lyft for infringement of these patents in the Eastern District of Texas, but the suit was dismissed for improper venue. Now AGIS Software seeks to transfer this case to the Eastern District of Texas, citing convenience of witnesses, the familiarity of the Eastern District of Texas court with these patents, AGIS Software's incorporation and headquarters in the Eastern District of Texas, among other factors. Lyft opposes, citing, *inter alia*, its headquarters in the Northern District of California, its own choice to sue in this forum, and the Eastern District of Texas's dismissal of AGIS Software's Texas case.

Based on the below reasoning, the Court DENIES AGIS Software's motion. The Court notes, however, that this ruling is made without regard to whether this Court has personal

jurisdiction over AGIS Software. In a separate ruling, the Complaint was dismissed with leave to amend to allow Lyft the further opportunity to plead facts sufficient to demonstrate specific jurisdiction. *See* Order, ECF No. 61. Absent such pleading, this case will be dismissed.

## I. BACKGROUND

Lyft is a Delaware limited liability corporation with its principal place of business in California that provides rideshare services through its software applications. *See* Complaint, ECF No. 1 ¶¶ 1, 4; *id.*, Ex. A ¶ 11. AGIS Software is a Texas limited liability company with its principal place of business in Texas. *See* Complaint, ECF No. 1 ¶ 2. Lyft alleges that AGIS Software is an "agent and alter ego" of Advanced Ground Information Systems, Inc. ("AGIS, Inc."), a Florida corporation with its principal place of business in Florida. *See id.* Lyft further alleges that the sole member of AGIS Software is AGIS Holdings, Inc. ("AGIS Holdings"), a Florida corporation with its principal place of business at the same Florida location as AGIS, Inc. *See id.*

On January 29, 2021, AGIS Software filed a patent infringement action against Lyft in the Eastern District of Texas regarding the Asserted Patents based on "the Lyft and Lyft Driver applications and the related services and/or servers for the applications." *See id.* ¶ 4. The case was consolidated with AGIS Software's cases against T-Mobile US, Inc., T-Mobile USA, Inc. (collectively, "T-Mobile"), Uber Technologies, Inc. ("Uber"), and WhatsApp, Inc. ("WhatsApp") before Judge Gilstrap under the caption *AGIS Software Dev. LLC v. T-Mobile USA, Inc.*, No. 2:21–cv–00072–JRG–RSP (E.D. Tex.) ("T-Mobile Texas Case"). On January 19, 2022, Judge Gilstrap dismissed Lyft from the case for improper venue. *See* T-Mobile Texas Case, ECF No. 334. AGIS Software's claims against T-Mobile and WhatsApp in the Eastern District of Texas have been dismissed. *See id.*, ECF Nos. 169, 220. Further, AGIS Software's case against Uber has been stayed pending dismissal following settlement. *See id.*, ECF No. 355.

AGIS Software's patent infringement actions filed in 2021 were the third in a series of patent infringement litigation campaigns it has brought in the Eastern District of Texas. *See AGIS Software Dev. LLC v. Apple, Inc.*, No. 2:17–cv–516 (E.D. Tex.); *AGIS Software Dev. LLC v. HTC Corp.*, No. 2:17–cv–514 (E.D. Tex.); *AGIS Software Dev. LLC v. Huawei Device USA Inc., et al.*, No. 2:17–cv–513 (E.D. Tex.); *AGIS Software Dev. LLC v. ZTE Corp. et al.*, No. 2:17–cv–517

1  (E.D. Tex.); and *AGIS Software Dev. LLC v. LG Elecs., Inc.*, No. 2:17–cv–515 (E.D. Tex.)
2  (collectively, "AGIS I Cases"); *see also AGIS Software Dev. LLC v. Google LLC,* No. 2:19–cv–361
3  (E.D. Tex.); *AGIS Software Dev. LLC v. Samsung Elecs. Co., Ltd. et al*., No. 2:19–cv–362
4  (E.D. Tex.); and *AGIS Software Dev. LLC v. Waze Mobile Limited*, No. 2:19–cv–359 (E.D. Tex.)
5  (collectively, "AGIS II Cases"). AGIS Software asserted the '970 Patent in some of its prior Eastern
6  District of Texas lawsuits. The AGIS II Cases, which AGIS Software filed in 2019 and one of
7  which (No. 2:19–cv–361) involves the '970 Patent, are still pending in the Eastern District of Texas.

8         On June 16, 2021, while AGIS Software's Eastern District of Texas action against Lyft was
9  still pending, Lyft filed the present action for declaratory judgment of noninfringement of the same
10 patents asserted against it in the Texas case. *See* Complaint, ECF No. 1. On September 27, 2021,
11 AGIS Software moved to dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction,
12 which the Court granted with leave to amend. *See* ECF Nos. 32, 61. On October 5, 2021, AGIS
13 Software moved to transfer this action to the Eastern District of Texas. *See* Motion, ECF No. 34.

14        AGIS Software argues that this case should be transferred to the Eastern District of Texas
15 because (1) this action could have been brought there; (2) judicial economy favors transfer because
16 Judge Gilstrap is familiar with the Asserted Patents; (3) the Eastern District of Texas is more
17 convenient for the parties, party witnesses, and third-party witnesses; (4) sources of proof are located
18 in both the Northern District of California and the Eastern District of Texas and can easily be
19 transferred electronically; (5) Northern District of California courts are more congested than Eastern
20 District of Texas courts; and (6) Texas has a substantial local interest in adjudicating a case involving
21 a Texas corporation like AGIS Software. *See* Motion, ECF No. 34; Reply, ECF No. 50. In response,
22 Lyft argues that transfer is unwarranted since (1) the interest of justice weighs against transferring
23 to the Eastern District of Texas since Judge Gilstrap already dismissed the patent infringement
24 action in that district; (2) Lyft's choice of forum takes precedence; (3) the convenience of the parties,
25 party witnesses, and third-party witnesses weighs against transfer; (4) the bulk of relevant evidence
26 is in the Northern District of California where the Accused Products were developed; and (5) the
27 Northern District of California has a substantial interest in a controversy involving a resident
28 company like Lyft. *See* Opposition, ECF No. 49.

## II. LEGAL STANDARD

A district court may transfer a case in the interest of justice for the convenience of the parties and of the witnesses. 28 U.S.C. § 1404(a). In a case not involving a forum-selection clause, a district court considering a § 1404(a) motion "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). The parties' convenience and other private interests entail consideration of a number of factors including the plaintiff's choice of forum, the parties' contacts with the forum, the contacts relating to the plaintiff's claims in the chosen forum, the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6) (alteration in original).

A transfer is not appropriate if it "merely shift[s] rather than eliminate[s] the inconvenience." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The party seeking to transfer a case bears the burden of demonstrating that the balance of convenience and interests of justice factors "clearly favor transfer." *Lax v. Toyota Motor Corp.*, 65 F.Supp.3d 772, 781 (N.D. Cal. 2014).

## III. DISCUSSION

The parties dispute whether two categories of factors favor transfer to the Eastern District of Texas: (1) private interest factors and (2) public interest factors. The Court considers each category of factors in turn.

### A. Private Interest Factors

The Court first considers the "private interest factors" disputed by the parties. *Atl. Marine*, 571 U.S. at 62 n.6. The parties dispute whether (1) Lyft's choice of forum; (2) convenience for the

4

1 parties and party witnesses; (3) convenience for third-party witnesses; (4) the relative ease of access
2 to sources of proof favor transfer to the Eastern District of Texas; and (5) the cost of litigation. The
3 Court considers each factor in turn.

### i. Plaintiff's Choice of Forum

The parties dispute whether Lyft's choice of the Northern District of California in filing this declaratory judgment action weighs against transfer. A plaintiff's choice of forum is normally entitled to "substantial weight." *See Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 588 (N.D. Cal. Aug. 26, 2020) (citing *Williams v. Bowman*, 157 F.Supp.2d 1103 (N.D. Cal. 2001)); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In patent actions, courts generally discount a plaintiff's choice of forum when "the central facts of the lawsuit occur[red] outside the plaintiff's chosen forum." *See id.* (quoting *Sorensen v. Daimler Chrysler AG*, No. C 02–4752 MMC, 2003 WL 1888866, at *3 (N.D. Cal. Apr. 11, 2003)). A defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843.

AGIS Software argues that Lyft's choice of forum should be accorded no weight because Lyft filed this duplicative declaratory judgment case nearly five months after AGIS Software filed its infringement suit in the Eastern District of Texas. *See* Motion, ECF No. 34 at 6–7. Lyft argues that courts give deference to a plaintiff's choice of forum unless the operative facts did not occur there and the forum has no interest in the parties or the subject matter. *See* Opposition, ECF No. 49 at 4–5. Lyft argues that no such exception applies here, given that Lyft is based in and developed the Accused Products in the Northern District of California. *See id.*

The Court agrees with Lyft. AGIS Software's Texas suit against Lyft has been dismissed, and AGIS Software fails to point to any authority that first-to-file considerations should outweigh Lyft's choice of forum in such a circumstance. Lyft provides ample authority that a plaintiff's choice of forum is generally afforded deference, particularly in this case where Lyft is at home in the forum and the accused products were developed here. *See Rare Breed Distilling v. Heaven Hill Distilleries*, No. C–09–04728 EDL, 2010 WL 335658, at *3 (N.D. Cal. Jan. 22, 2010) ("Plaintiff's choice of forum weighs heavily against transfer. This is especially true when a plaintiff chooses to sue in its home state."); *Fitbit*, 336 F.R.D. at 580; *Pacific Car and Foundry Co. v. Pence*,

1  403 F.2d 949, 954 (9th Cir.1968) ("If the operative facts have not occurred within the forum of
2  original selection and that forum has no particular interest in the parties or the subject matter, the
3  plaintiff's choice is entitled only to minimal consideration.").

4  Accordingly, the Court finds that Lyft's choice of forum weighs strongly against transferring
5  this case to the Eastern District of Texas.

### ii. Convenience for Parties and Party Witnesses

The parties dispute whether the convenience for the parties and party witnesses favors transfer of this case to the Eastern District of Texas. Courts consider both the convenience to the parties and the convenience to witnesses, including party witnesses, in the § 1404 inquiry. *See Rare Breed*, 2010 WL 335658, at *2. The parties brief these issues together, arguing based on convenience to both the parties and party witnesses. *See* Motion, ECF No. 34 at 7–8; Opposition, ECF No. 49 at 5.

The convenience of witnesses is often the most important factor in deciding whether to transfer venue. *BioSpyder Techs., Inc. v. HTG Molecular Diagnostics, Inc.*, No. 5:20–cv–05607–EJD, 2021 WL 242866, at *3 (N.D. Cal. Jan. 25, 2021). Consideration of inconvenience to party witnesses (as compared to third-party witnesses) is discounted since they can be compelled to testify as part of their employment. *See id.* at *4 (citing *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1556 (N.D. Cal. 1988)).

AGIS Software argues that the following party witnesses favor transfer:

- Malcolm K. Beyer, Jr., AGIS Software's Chief Executive Officer and a named inventor on the Patents-in-Suit, who resides in Florida, *see* Motion, ECF No. 34 at 8 (citing Beyer Decl., ECF No. 32-1 ¶¶ 2, 4);

- David Sietsema, a former AGIS Software employee who was responsible for monitoring and overseeing licensing activities, who previously worked from the Austin, Texas office, *see id.* (citing Reply, ECF No. 50, Ex. A, Beyer Decl. ¶ 15);

- Ronald Wisneski, Margaret Beyer, and George Barros, potential AGIS Software witnesses who live and work in Jupiter, Florida and Vienna, Virginia, *see id.* (citing Reply, ECF No. 50, Ex. A, Beyer Decl. ¶ 19); and

6

- Max Loosen, Lyft's Regional Director in Dallas, Texas, who was deposed in the T-Mobile Texas Case, *see id.* (citing Motion, ECF No. 34, Ex. 1 ¶ 3); *see also* Reply, ECF No. 50, Ex. A, Beyer Decl. ¶¶ 8–21.

Further, AGIS Software argues that its connections to Texas—AGIS Software is incorporated and headquartered there, and it maintains an office and documents there—and its lack of connections to California—it is not registered to conduct business there, it does not have a registered agent for service of process there, it does not have offices or employees there, and it does not recruit there—weigh in favor of the convenience of the Eastern District of Texas. *See* Reply, ECF No. 50 at 3 (citing Beyer Decl., ECF No. 32-1 ¶¶ 10–19). In response, Lyft argues that (1) none of the AGIS Software party witnesses identified live in Texas and (2) all of the relevant Lyft party witnesses deposed in the T-Mobile Texas Case live in the Northern District of California. *See* Opposition, ECF No. 49 at 5. Lyft argues that its Regional Director Mr. Loosen was only deposed in the T-Mobile Texas Case with respect to Lyft's improper venue allegations, so he is irrelevant to this case. *See id.*

The Court finds that this factor weighs against transfer. AGIS Software can identify no witnesses in the Eastern District of Texas, and the Court declines to weigh heavily the location of witnesses who will be required to travel for a significant amount of time regardless of whether or not the case is transferred. *See Barnes & Noble, Inc. v. LSI Corp.*, 823 F.Supp.2d 980, 994 (N.D. Cal. 2011) (finding transfer inappropriate where "either forum would offer some conveniences and inconveniences to both the parties and witnesses"); *Decker*, 805 F.2d at 843; *see also In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009); *In re Google LLC*, No. 2021–171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021) ("[T]he difference in distance is not as important as the difference in travel time and the fact that the witness would be required to be away from home for several days in any event."). Further, AGIS Software has not demonstrated the relevance of Lyft Regional Director Mr. Loosen's testimony to this case. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335–36 (9th Cir. 1984); *see also Genentech*, 566 F.3d at 1343. And AGIS Software provides no indication of where former AGIS Software employee Mr. Sietsema lives or works now, so it is not clear how he factors into the convenience inquiry. Otherwise, the only party

7

1   witnesses identified are those in the Northern District of California raised by Lyft. *See* Opposition,
2   ECF No. 49 at 5. The other considerations AGIS Software raises—its contacts with Texas and its
3   lack of contacts with California—fail to move the needle here. *See Rare Breed*, 2010 WL 335658,
4   at *5 (convenience of parties weighs in favor of Northern District of California where company
5   based there "performs all the work . . . that is relevant to the trademark infringement suit");
6   *BioSpyder*, 2021 WL 242866, at *3 ("The convenience of the witnesses is often the most important
7   factor in deciding whether to transfer venues.").

Based on the above reasoning, the Court finds that the convenience for the parties and party witnesses weighs against transfer.

### iii. Convenience for Third-Party Witnesses

Courts give particular consideration to non-party witnesses, especially when they are not subject to subpoena power in the forum where the case is litigated. *See Orange Cty. IBEW-NECA Labor Mgmt. Cooperation Comm. v. Pro Tech Eng'g Corp.*, No. 14–CV–04225–LHK, 2015 WL 5591113, at *2 (N.D Cal. Sep. 23, 2015); *Decker Coal*, 805 F.2d at 843; *Jones*, 211 F.3d at 498–99. Third-party witnesses are only subject to a court's subpoena power when the court is (1) "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or (2) "within the state where the person resides, is employed, or regularly transacts business in person" and "is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. Proc. 45(c)(1).

AGIS argues that the Eastern District of Texas is a more convenient forum for the following "key" third-party witnesses:

- Eric Armstrong, a full-time consultant for AGIS, Inc., who lives and works in Allen, Texas, *see* Motion, ECF No. 34 at 7 (citing Reply, ECF No. 50, Ex. A, Beyer Decl. ¶¶ 13–14);
- Joseph C. McAlexander III, AGIS Software's technical expert, who is based in Richardson, Texas, *see id.* at 7–8; and
- Christopher Rice, a consultant of AGIS, Inc., who is located in Superior, Colorado and has indicated that the Eastern District of Texas is more convenient than the Northern District of California, *see id.* at 8 (citing Reply, ECF No. 50, Ex. A, Beyer Decl. ¶ 18).

8

In response, Lyft argues that compulsory process would likely not be needed for AGIS, Inc. consultant Mr. Armstrong, since he is a full-time consultant for AGIS, Inc. *See* Opposition, ECF No. 49 at 6. Further, Lyft argues that the Court should confer little weight to AGIS Software technical expert Mr. McAlexander, since courts consider expert witnesses of little importance to the § 1404 inquiry. *See id.* And Lyft argues AGIS, Inc. consultant Mr. Rice's statement that the Eastern District of Texas is more convenient should be given little weight, since Mr. Rice's flight options between his location in Colorado and the Northern District of California are more plentiful, cheaper, and of similar travel time compared to the flight options between his location and the Eastern District of Texas. *See id.* at 7 (citing Taylor Decl., ECF No. 49-1 ¶¶ 6–8; *id.*, Exs. B–G).[1]

Lyft also argues that the following third-party witnesses weigh against transfer:

- At least nine inventors of prior art patents and publications—U.S. Patent Nos. 7,383,316; 7,330,112; 6,853,849; 7,831,917; and 7,450,003 and Publication Nos. 2004/0148090 and 2005/0228860—reside in the Northern District of California. *See* Opposition, ECF No. 49 at 6.

- Neil Seigel, who developed a "key piece of prior art" and submitted an expert report concerning that system in the T-Mobile Texas Case, resides in southern California. *See id.* at 7–8.

- AGIS Software's current damages expert, Jim Bergman, and source code expert, Dan Manheim, reside in southern California. *See id.* at 8.

- AGIS Software's source code expert, William Wong, resides in the Northern District of California. *See id.* at 8.

The Court finds that this factor is neutral or somewhat in favor of transfer. AGIS, Inc. consultant Mr. Armstrong's location in the Eastern District of Texas weighs in favor of transfer, and

---

[1] Lyft requests that the Court take judicial notice of Google results regarding flights between Denver and San Francisco, flights between Denver and Shreveport, driving distance between the San Francisco International Airport and the federal courthouse in San Francisco, and driving distance between the Shreveport Regional Airport and the federal courthouse in Marshall, Texas. *See* Taylor Decl., ECF No. 49-1, Exs. B–G; Opposition, ECF No. 49 at 7. AGIS Software does not oppose Lyft's request. *See* Reply, ECF No. 50 at 1–2. The Court GRANTS Lyft's request. *See, e.g., United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012); *Perkins v. LinkedIn Corp.*, No. 13–CV–04303–LHK, 53 F.Supp.3d 1190, 1204 (N.D. Cal. June 12, 2014).

1   the Court finds that Lyft has not adequately shown that he would be subject to this Court's
2   compulsory process. But the other third-party witnesses AGIS Software identifies have little impact
3   on the transfer determination. Expert witnesses do not weigh heavily in the § 1404 inquiry, so the
4   Court gives little weight to AGIS Software expert Mr. McAlexander's location in the Eastern
5   District of Texas. *See Williams*, 157 F.Supp.2d at 1108. And Lyft provides evidence that AGIS,
6   Inc. consultant Mr. Rice is likely to have similar travel time whether the case is in the Northern
7   District of California or the Eastern District of Texas, so the Court finds that Mr. Rice has no impact
8   on the transfer determination. AGIS Software can only point to out-of-district cases that counsel
9   otherwise. *See* Motion, ECF No. 34 at 8; Reply, ECF No. 50 at 2.

10   Regarding the third-party witnesses Lyft identifies, the Court finds that they weigh slightly against transfer. While AGIS Software points to caselaw indicating that prior art inventor testimony has been found to be irrelevant to invalidity, the Court finds that it cannot say that such testimony is categorically irrelevant, particularly at this early stage in the case. *See Eclipse IP LLC v. Volkswagen Grp. of Amer., Inc.*, No. EDCV 12–2087 PSG (SPx), 2013 WL 9935572, at *5 (C.D. Cal. May 10, 2013) ("[T]he location of witnesses who would testify about prior art is relevant to a transfer motion when patent validity may be an issue at trial."). AGIS Software argues that Lyft has not identified any witnesses who will not testify in the Eastern District of Texas, *see* Reply, ECF No. 50 at 4, but the same can be said of AGIS Software as to the Northern District of California. Accordingly, the Court confers some—although little—weight to the fact that several prior art inventors reside in the Northern District of California or elsewhere in the state. Otherwise, Lyft can only identify third-party AGIS Software experts that AGIS Software says are not involved in this case. *See* Reply, ECF No. 50 at 3.

23   Accordingly, the Court finds that the relevant third-party witnesses are AGIS, Inc. consultant Mr. Armstrong, whose location in the Eastern District of Texas weighs in favor of transfer, and the prior art inventors, whose location in the Northern District of California weighs somewhat against transfer. Therefore, the Court concludes that the convenience for third-party witnesses factor is neutral or somewhat in favor of transfer.

10

### iv. Ease of Access to Sources of Proof

The parties dispute whether ease of access to documentary evidence supports transferring the case. As part of the convenience inquiry under § 1404(a), courts consider the "relative ease of access to sources of proof." *Decker Coal*, 805 F.2d at 843 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

AGIS Software argues that since (1) it is incorporated and headquartered in the Eastern District of Texas, (2) sister entity AGIS maintains a data center in the Eastern District of Texas, and (3) AGIS consultant Mr. Armstrong lives and works in the Eastern District of Texas, access to relevant, tangible evidence is easier in Texas, including patents, corporate records, emails, and other documents. *See* Motion, ECF No. 34 at 9 (citing Reply, ECF No. 50, Ex. A, Beyer Decl. ¶ 8); Reply, ECF No. 50 at 4. Further, AGIS Software argues that this factor has "diminished importance," because Lyft cannot identify sources of proof that cannot be transferred electronically. *See* Motion, ECF No. 34 at 8–9. In response, Lyft argues that in a patent infringement case, the predominant sources of proof are from the alleged infringer. *See* Opposition, ECF No. 49 at 8. Since Lyft is based in the Northern District of California, where the Accused Products were developed, and it has no regular established place of business in the Eastern District of Texas according to Judge Gilstrap, Lyft argues that the Northern District of California has the greater ease of access to the evidence. *See id.*

The Court finds this factor weighs slightly against transfer. The bulk of sources of proof is likely to be located in the Northern District of California, since Lyft, the accused infringer, is headquartered there, and the Accused Products were developed there. *See Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F.Supp.3d 947, 959 (N.D. Cal. Dec. 11, 2020) (finding it would be more efficient for case to be heard in transferor district where "a significant amount of evidence relevant to potentially infringing conduct is located in this district, where one of the Plaintiffs . . . is incorporated and has its principal place of business"); *see also Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the [accused infringer's] documents are kept weighs in favor of transfer to that location."). But Courts generally find the ease of electronic transfer of

documents to attenuate the weight of this factor.  *See Hansell v. TracFone Wireless Inc.*, No. C–13–3440–EMC, 2013 WL 6155618, at *4 (N.D. Cal. Nov. 22, 2013).

Based on the above reasoning, the Court finds that the ease of access to sources of proof weighs slightly against transferring this case to the Eastern District of Texas.

### v. Cost of Litigation

AGIS Software also argues that the difference in cost of litigation between California and Texas weighs in favor of transfer, because both parties should be prepared to litigate in either state and AGIS Software has identified specific relevant witnesses living outside of California.  *See* Reply, ECF No. 50 at 4.  Lyft does not specifically address the cost of litigation in its briefing, but there is substantial overlap between this issue and the convenience of the parties and their witnesses.  Since both parties have identified witnesses living outside of both the Northern District of California and the Eastern District of Texas, and several witnesses will have to travel a significant distance regardless of which venue in which this case is tried, the Court finds that the cost of litigation is a neutral factor in the § 1404 inquiry.  *See Barnes & Noble*, 823 F.Supp.2d at 994; *Decker*, 805 F.2d at 843.

### B. Public Interest Factors

The Court next considers the "public interest" factors disputed by the parties.  *Atl. Marine*, 571 U.S. at 62 n.6.  The parties dispute whether (1) the dismissal of AGIS Software's case against Lyft in the Eastern District of Texas; (2) the interest in judicial economy; (3) the relevant districts' familiarity with the applicable law; (4) the interest in expeditious litigation; and (5) the relevant districts' local interests in the controversy favor transfer to the Eastern District of Texas.  The Court considers each factor in turn.

### i. Dismissal of Lyft Texas Case for Lack of Improper Venue

The parties dispute whether Judge Gilstrap's dismissal of AGIS Software's case against Lyft in the Eastern District of Texas for improper venue weighs against transferring this case to the Eastern District of Texas.  Under 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought[.]"

Lyft argues that it would be unjust to transfer this case to the Eastern District of Texas,

because Judge Gilstrap found the corresponding infringement action improper in that district. *See* Opposition, ECF No. 49 at 2–3. In response, AGIS Software argues that this declaratory judgment action against AGIS Software, which is incorporated in Texas and headquartered in Marshall, Texas, could have been brought in the Eastern District of Texas. *See* Reply, ECF No. 50 at 1; Motion, ECF No. 34 at 5.

The Court agrees with AGIS Software. This case could have been brought in the Eastern District of Texas, notwithstanding Judge Gilstrap's dismissal of AGIS Software's case against Lyft in the Eastern District of Texas, since AGIS Software is the defendant here. Further, Lyft can point to no authority indicating that dismissal of a patent infringement action in a district would cause the transfer of a corresponding declaratory judgment action to that district to be against the interest of justice.

Accordingly, the Court finds that Judge Gilstrap's dismissal of AGIS Software's case against Lyft in the Eastern District of Texas does not weight against transfer of this case to the Eastern District of Texas.

### ii. Judicial Economy

The parties dispute whether judicial economy favors transfer to the Eastern District of Texas. Courts consider judicial economy as part of the interest of justice inquiry. *See Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).

AGIS Software argues that judicial economy favors transfer because Judge Gilstrap in the Eastern District of Texas has already expended a substantial amount of time and effort familiarizing himself with the relevant technology and the Patents-in-Suit in the many AGIS cases before him. *See* Motion, ECF No. 34 at 5–6. AGIS Software points in particular to Judge Gilstrap's claim construction orders regarding the '970 Patent and the tutorials in Judge Gilstrap's AGIS cases. *See id.* AGIS Software also argues that there is a potential for inconsistent rulings if this Court were to rule on the Patents-in-Suit. *See id.* In response, Lyft argues that the Federal Circuit has rejected similar arguments regarding cases in other districts. *See* Opposition, ECF No. 49 at 9.

The Court finds that this factor is neutral or only slightly in favor of transfer. All of Judge Gilstrap's most recent AGIS Software cases, which involved each of the Patents-in-Suit, have been

dismissed or stayed pending dismissal. *See* T-Mobile Texas Case, ECF Nos. 169, 220, 334, 355. Only AGIS Software's 2019-filed cases remain pending in the Eastern District of Texas, and only one of the Patents-in-Suit—the '970 Patent—is at issue in one of those cases. *See AGIS Software Dev. LLC v. Google LLC*, No. 2:19–cv–00361–JRG, ECF No. 1 (E.D. Tex.). Under these circumstances, the risk of inconsistent rulings and the possibility of judicial economy from transferring this case, where there is only partial overlap between this case and any pending Eastern District of Texas case, is highly attenuated. Further, the caselaw indicates that courts do not weigh judicial economy heavily in the § 1404 inquiry, only giving it determinative weight when other factors are in equipoise. *See Eli Lilly*, 119 F.3d at 1565 ("[I]n a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues.").

Based on the above reasoning, the Court finds that judicial economy is neutral or only slightly in favor of transfer.

### iii. Familiarity with the Applicable Law

Courts consider the transferor and transferee courts' familiarity with the applicable law. *See Rare Breed*, 2010 WL 335658, at *8. AGIS Software does not address this factor. Lyft argues that this factor is neutral, since both the Northern District of California and the Eastern District of Texas handle a significant number of patent cases. *See* Opposition, ECF No. 49 at 8–9. The Court agrees with Lyft. *See Rare Breed*, 2010 WL 335658, at *8 ("Both the [transferee and transferor districts] are familiar with the federal law at issue in this case.").

### iv. Expeditious Resolution

Courts consider "the administrative difficulties flowing from court congestion" in ruling on a transfer motion. *See Decker Coal*, 805 F.2d at 843 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).

AGIS Software argues that transfer to the Eastern District of Texas is likely to bring about quicker resolution of this case, since Judge Gilstrap is already familiar with the issues and the Eastern District of Texas has a lower median time from filing to trial than the Northern District of California. *See* Motion, ECF No. 34 at 9; Reply, ECF No. 50 at 4. In response, Lyft argues that this factor is of minor importance. *See* Opposition, ECF No. 49 at 10.

14

The Court finds that this factor slightly favors transfer. Time to trial and relative court congestion is a consideration in deciding on transfer motions. *See, e.g., Los Angeles Memorial Coliseum Comm. v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) ("Transfer has been denied where . . . a speedier trial could be had where suit was brought than in the proposed transferee court."). And Judge Gilstrap's familiarity with the issues could further expedite litigation. But the Court agrees with other courts that have conferred time to trial and relative court congestion little weight in the transfer determination. *See Benson v. JPMorgan Chase Bank, N.A.*, Nos. C–09–5272 EMC, C–09–5560 EMC, 2010 WL 1445532, at *6 (N.D. Cal. Apr. 7, 2010) ("[R]elative court congestion is at best, a minor factor in the section 1404 calculus[.]") (quoting *Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. C–99–4787 MJJ, 2000 WL 246599, at *8 (N.D. Cal. Mar. 1, 2000)); *Williams*, 157 F.Supp.2d at 1110 (making transfer determination despite "slight congestion differential" weighing against it); *see also In re Samsung Elecs Co., Ltd.*, 2 F.4th 1371, 1380–81 (Fed. Cir. 2021); *Genentech*, 566 F.3d at 1347 ("[C]ase disposition statistics may not always tell the whole story.").

Based on the above reasoning, the Court finds that this factor slightly favors transfer.

v. **Local Interest in the Controversy**

Courts consider the "local interest in having localized controversies decided at home" in determining whether to transfer a case under § 1404. *See Decker Coal*, 805 F.2d at 843 (quoting *Piper Aircraft*, 454 U.S. at 241 n.6).

AGIS Software argues that the Eastern District of Texas has a substantial local interest in adjudicating this dispute, since AGIS Software is based there. *See* Motion, ECF No. 34 at 9. In response, Lyft raises the same argument for the Northern District of California. *See* Opposition, ECF No. 49 at 9–10. Further, Lyft argues that the fact that the Accused Products were developed in the Northern District of California further supports the district's interest in adjudicating this case. *See id.* Lyft also argues that the Eastern District of Texas's interest in this case is attenuated by AGIS Software having no employees and minimal assets there. *Id.* at 10. Lyft argues that AGIS Software has attempted to manufacture venue in the Eastern District of Texas. *See id.* On reply, AGIS Software disputes this characterization, since AGIS Software founder Mr. Beyer has

15

longstanding personal connections to Texas and a Northern District of California court has rejected a similar claim. *See* Reply, ECF No. 50 at 4 (citing Ex. A ¶ 8; *ZTE (USA) Inc. v. AGIS Software Dev. LLC*, No. 18–cv–06185–HSG, ECF No. 114 at 7 (N.D. Cal. Sep. 12, 2019)).

The Court finds that this factor weighs against transfer. While the Court is not convinced by Lyft's cursory suggestion that AGIS Software "manufactured" venue in the Eastern District of Texas, the Northern District of California's and the Eastern District of Texas's interests in adjudicating disputes involving their residents cancel out here. But the Northern District of California has an additional interest in adjudicating disputes involving events that happened within its borders. *See Decker Coal*, 805 F.2d at 843 ("[T]he public factors weigh in favor of . . . where the claim arose."); *Williams*, 157 F.Supp.2d at 1110 (finding local interest favors district where dispute "grew out [of] events and practices" in that district); *Google*, 2021 WL 4592280, at *5 (local interest factor favored transferee court where "none of the underlying events occurred in the" transferor court). Accordingly, the Northern District of California's interest wins out in this declaratory judgment action related to patent infringement, given that the Accused Products were developed in the Northern District of California.

Based on the above reasoning, the Court finds that this factor weighs against transfer.

### C. Summary of Factors

For the factors weighing against transfer to the Eastern District of Texas, the Court finds that (1) Lyft's choice of forum weighs heavily against transfer, and (2) the convenience for the parties and party witnesses, (3) the ease of access to sources of proof, and (4) the local interest in the controversy weigh somewhat against transfer. For the factors weighing in favor of transfer to the Eastern District of Texas, the Court finds that (A) the convenience for third-party witnesses, (B) the interest in expeditious resolution of the dispute, and (C) the interest in judicial economy weigh somewhat in favor of transfer.

Finding the factors weighing in favor of transfer more than counterbalanced by factors weighing against transfer, the Court concludes that transfer to the Eastern District of Texas is unwarranted in this case. *See Lax*, 65 F.Supp.3d at 781 (transfer proper only when convenience and interest of justice factors "clearly favor transfer"); *Decker Coal*, 805 F.2d at 843 (defendant must

make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum").

Although AGIS Software is unsuccessful in transferring this case to its hometown under § 1404, it remains to be seen whether Lyft can demonstrate that this Court has personal jurisdiction over AGIS Software to allow suit in California. Ultimately, both cases may be dismissed and this conflict will devolve into a very expensive game of chicken to see which party will file suit in the other party's backyard.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that AGIS Software's motion to transfer is DENIED.

Dated: March 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge