**BAKER BOTTS L.L.P.**
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
Arya Moshiri (SBN 324231)
arya.moshiri@bakerbotts.com
101 California St., Ste. 3600
San Francisco, CA 94111
Telephone: 415.291.6200
Facsimile: 415.291.6300

Bethany R. Salpietra (*pro hac vice*)
bethany.salpietra@bakerbotts.com
2001 Ross Ave., Ste. 900
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503

*Attorneys for Plaintiff Lyft, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Defendant. | Case No. 5:21-cv-04653-BLF<br><br>**PLAINTIFF LYFT, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**REDACTED VERSION**<br><br>Date:       July 28, 2022<br>Time:      9:00 A.M.<br>Judge:    Hon. Beth Labson Freeman<br>Trial Date: October 16, 2023<br>Courtroom: 3, Fifth Floor |

## NOTICE OF MOTION AND MOTION

Plaintiff Lyft, Inc. ("Lyft") hereby gives notice that on July 28, 2022 at 9:00 A.M., in Courtroom 3, Fifth Floor, of the United States District Court for Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California, or as soon thereafter as counsel may be heard, a hearing will be held by the Honorable Beth Labson Freeman, United States District Judge, on Lyft's Motion for Leave to File First Amended Complaint ("FAC") in this action.

Through this Motion Lyft moves for leave to amend its complaint against AGIS Software Development LLC, pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 15(a), in order to add (1) parties Advanced Ground Information Systems, Inc., AGIS Holdings, Inc., and Malcolm K. Beyer, Jr.; and (2) a breach of contract claim.

This Motion is based on the following Memorandum of Points and Authorities, the accompanying declaration of Bethany R. Salpietra, the pleadings and records on file in this action, and such other written and/or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court. The FAC, which Lyft seeks leave to file, is attached hereto as Ex. 1.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On January 28, 2022, this Court granted Lyft leave to file an amended complaint with the benefit of jurisdictional discovery. *See* Dkt. 61. The same Order requires Lyft to seek leave of Court or a stipulation with AGIS Software Development LLC ("AGIS Software") in order to add new parties or claims to the amended complaint. Recent case developments have confirmed that additions of both are required. As is set forth below, Lyft's FAC seeks to add Advanced Ground Information Systems, Inc. ("AGIS, Inc."), AGIS Holdings, Inc. ("AGIS Holdings") and Malcolm K. Beyer, Jr. (collectively, "Alter Ego Parties") as new parties given that each is an alter ego of AGIS Software and add a breach of contract claim to the instant suit that had previously been plead in the Eastern District of Texas lawsuit. Because these amendments are made in the interest of justice and AGIS Software cannot show strong evidence that such amendments are at odds with the *Foman* factors, Lyft respectfully requests the Court grant Lyft's motion.

## II. STATEMENT OF FACTS

On June 16, 2021, Lyft filed the instant action against AGIS Software seeking a declaratory judgment of non-infringement of United States Patent Nos. 7,031,728, 7,630,724, 8,213,970, 10,299,100, and 10,341,838 (collectively, "Patents-in-Suit"). *See* Dkt. 1. In its Complaint, Lyft alleged that this Court has specific jurisdiction over AGIS Software based on, *inter alia*, AGIS Software's affiliate's contacts with this forum under an alter ego theory. *Id.*, ¶¶ 2, 14, 6 and 21. On January 28, 2022, the Court dismissed Lyft's Complaint for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2), granting Lyft leave to amend its complaint with the benefit of jurisdictional discovery but noting that no new claims or parties should be added without "leave of the Court or a stipulation with AGIS Software." *See* Dkt. 61 at 10. In its Order, the Court specifically found that Lyft had "presented sufficient facts to justify jurisdictional discovery" regarding its claim that AGIS Software is an alter ego of its affiliates AGIS, Inc. and AGIS Holdings and granted Lyft leave to pursue jurisdictional discovery "regarding the relationship between AGIS Software, AGIS, Inc., and AGIS Holdings and their contacts with California." *Id.* at 9. The Order specifically granted Lyft's

request for jurisdictional discovery in the form of five interrogatories and one four-hour Rule 30(b)(6) deposition. *Id*. at 10.

Pursuant to the Court's order, Lyft served a 30(b)(6) notice and five jurisdictional interrogatories on AGIS Software on February 4, 2022. *See* Exs. 2 & 3. Simultaneously, Lyft issued document and deposition subpoenas to AGIS, Inc. and AGIS Holdings, which included requests that are coextensive with the interrogatories and deposition topics directed at AGIS Software. *See* Exs. 4 & 5. AGIS Software served objections and responses to Lyft's 30(b)(6) notice and interrogatories thereafter, which clarified that AGIS Software responded only on behalf of itself and was not responding on behalf of AGIS, Inc. or AGIS Holdings because they are not parties to this action. *See* Exs. 6 - 8. Likewise, AGIS, Inc. and AGIS Holdings also refused to produce documents or witnesses pursuant to Lyft's subpoenas because the subpoena requests allegedly "exceed the scope of jurisdictional discovery ordered by the Court." *See generally*, Ex. 9 & 10.

### III. LEGAL STANDARD

Rule 15(a)(2) provides that, when, as here, a motion for leave to amend is filed prior to the deadline to amend pleadings, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). This policy is to be applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). In fact, the denial of a motion for leave to amend "must be 'strictly' reviewed in light of the strong policy permitting amendment." *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). A party opposing an amendment bears the burden of showing why the amendment should not be granted. *See Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); see also *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Leave to amend should especially be granted where the nonmoving party is unable to show strong evidence that the amendment would cause prejudice, is sought in bad faith, creates undue delay, is futile, or there was "repeated failure to cure deficiencies by amendments previously allowed." *Sonoma Cty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Chudacoff v. Univ. Med. Ctr. of S. Nev*., 649 F.3d 1143, 1153 (9th Cir. 2011). Of these "*Foman* factors," prejudice is the most important.

*Eminence Capital*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice.").

### IV.  ARGUMENT

Lyft seeks leave under Federal Rule of Civil Procedure 15(a) to add the Alter Ego Parties to the instant lawsuit and add a breach of contract claim previously plead in the Eastern District of Texas lawsuit. The Court should grant Lyft's request because "justice so requires." FED. R. CIV. P. 15(a)(2). Lyft's proposed addition of parties and its breach of contract claim directly results from recent case developments. First, Lyft's addition of the Alter Ego Parties is necessary in view of AGIS Software and its affiliates' refusal to provide the jurisdictional discovery sought by Lyft concerning AGIS, Inc. and AGIS Holdings under the present circumstances. Second, Lyft's addition of the breach of contract claim is directly related to the same breach of contract claim Lyft brought as a counterclaim against AGIS Software in the Eastern District of Texas before that case was dismissed in January of this year. *AGIS Software Development LLC v. Lyft, Inc.*, 2:21-cv-00072-JRG (hereinafter, "EDTX Action"), ECF No. 334. Because the Eastern District of Texas case has been dismissed, Lyft seeks leave to add the breach of contract claim to this case. Because AGIS Software cannot show strong evidence that these proposed additions are at odds with the *Foman* factors, this Court should grant this motion under the liberal amendment policy contemplated by Rule 15.

#### a.  ADDITION OF ALTER EGO PARTIES TO FAC

Pursuant to this Court's Order (Dkt. 61), Lyft served jurisdictional discovery on AGIS Software and two of its affiliates, AGIS, Inc. and AGIS Holdings. In pertinent part, Lyft's discovery sought two types of information from both AGIS, Inc. and AGIS Holdings: (1) information regarding whether the entity is an alter ego of AGIS Software; and (2) information regarding whether the entity has contacts with the state of California. Neither entity has provided the requested discovery, objecting that the production of documents or a witness allegedly "exceed[s] the scope of jurisdictional discovery ordered by the Court" or objecting because "Advanced Ground Information Systems, Inc. and AGIS Holdings, Inc. are not parties to the present litigation." *See generally*, Ex. 9 & 10; *see also* Exs. 7 & 8 at 2. Lyft disagrees that refusing to produce the requested

information concerning AGIS, Inc. and AGIS Holdings is proper, as separately discussed in Lyft's motion to compel filed contemporaneously with this motion, but this issue can be avoided by adding these parties and Mr. Beyer to the case, which as shown in Lyft's First Amended Complaint, are alter egos of each other.

The addition of these parties to the instant suit is further necessary as Lyft has learned through its jurisdictional discovery efforts that AGIS Software is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 7 at 12-17 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ex. 11 at 144:7-8 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). Because of this, AGIS Software may try to avoid liability (e.g., payment of costs or fees) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* Lyft is especially attuned to this liability-avoidance issue as it is currently pursuing fees from AGIS Software in the EDTX Action due to the unreasonable litigation strategies AGIS Software employed in that matter. *See* EDTX Action, ECF No. 372.

Adding each of the alter ego entities to this lawsuit will prevent AGIS Software from avoiding it discovery obligations in this case and from escaping liability for its actions by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and claiming insolvency, neither of which would be in the interest of justice. For the reasons described above, Lyft seeks leave to add the Alter Ego Parties to the FAC.

**b.  ADDITION OF BREACH OF CONTRACT CLAIM TO FAC**

On May 19, 2021, AGIS Software served its infringement contentions accusing the Lyft application installed on all ▮▮▮▮ mobile devices. *See* Ex. 12. On information and belief, AGIS Software's infringement claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*, Ex. 11 at 44:10-11 & 81:4-5 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); *see also Perfect Co. v. Adaptics Ltd.*, 374 F. Supp. 3d 1039, 1040 (W.D. Wa. 2019) (describing an Apple settlement agreement as including a covenant not to sue "Apple or any of its customers, affiliate[s],

suppliers, and others for infringement of the [asserted patent] or any other claiming priority to it."); EDTX Action, ECF No. 205 at 14-19 (raising breach of contract as a counterclaim to AGIS Software's allegations of infringement of the Patents-In-Suit).

Lyft initially filed a breach of contract claim ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as a counterclaim in the Eastern District of Texas lawsuit in November 2021. *Id*. Because the Eastern District of Texas lawsuit was dismissed in January 2022, Lyft seeks leave to amend its complaint to add the breach of contract claim to the present case. Given the recency of the Eastern District of Texas case being dismissed, it is in the interest of justice to allow Lyft to now add its breach of contract claim to the present case.

### c. LYFT PURSUED ITS REQUEST FOR AMENDMENT WITH AGIS SOFTWARE BEFORE RAISING THE ISSUE WITH THE COURT.

To avoid burdening the Court with the instant motion, Lyft sought a stipulation from AGIS Software to add the parties and claim discussed herein. The parties met and conferred on this issue on March 14, 2022 but no agreement was reached. AGIS Software indicated that it opposed Lyft's request to add the Alter Ego Parties and the breach of contract claim to the FAC.

### d. AGIS CANNOT DEMONSTRATE PREJUDICE, BAD FAITH, DELAY OR FUTILITY.

Lyft should be granted leave to amend the complaint under Federal Rule of Civil Procedure 15 because AGIS Software cannot show that the amendment would cause prejudice to it, is sought in bad faith, creates undue delay, is futile, or that there was repeated failure to cure deficiencies by amendments previously allowed. *See Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."). These considerations are addressed in turn below.

#### i. AGIS Software Will Not Be Prejudiced by the FAC.

AGIS Software will suffer no prejudice by allowing Lyft to amend the complaint in order to add the breach of contract claim and the Alter Ego Parties. Prejudice can result, for example, where the parties are facing a discovery deadline or trial and the amendment would undermine those upcoming deadlines. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Prejudice may also arise, for example, if an amendment "greatly alter[s] the nature of the litigation

and would [] require[] defendants to [] undertake[], at a late hour, an entirely new course of defense." *Morongo Band*, 893 F.2d at 1079. AGIS Software cannot satisfy its burden to show prejudice.

As an initial matter, courts have consistently held that there is no prejudice when a party seeks to amend the complaint in the early stages of litigation. *See DCD Programs*, 833 F.2d at 187-88 (finding abuse of discretion to deny leave to file fourth amended complaint when the "case is still at the discovery stage"). This case is in the early stages of litigation, with Markman scheduled more than five months from now. *See* Dkt. 69. Adding the Alter Ego Parties and the breach of contract claim to the case at this point will not prejudice AGIS.

Furthermore, AGIS Software is already on notice of the theories and many (if not all) of the facts underlying Lyft's request to add its breach of contract claim and the Alter Ego Parties to its FAC. Regarding Lyft's breach of contract claim, Lyft first put AGIS Software on notice of this claim due to the parties' previous litigation in the EDTX Action. In particular, AGIS Software is aware that Lyft contends that AGIS Software is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* EDTX Action, ECF No. 205 at 14-19. Likewise, Lyft's addition of parties to the instant lawsuit is not novel information to AGIS Software. As memorialized in the parties' joint case management conference statement (Dkt. 51), Lyft conferred with AGIS Software in early January 2022 about potentially adding AGIS Software's alter ego, AGIS, Inc., as a party to the lawsuit. Dkt. 51 at 1, 5 and 6. But recent case developments—including jurisdictional discovery from AGIS Software and the discovery stonewalling by AGIS, Inc. and AGIS Holdings—have confirmed the need to bring in all three Alter Ego Parties as parties to the instant suit. *See supra* § IV(a). Notably, AGIS Holdings and Mr. Beyer should be added as parties for the same reasons previously articulated with respect to AGIS, Inc.: they are each the alter ego of AGIS Software.

For the foregoing reasons, there is no prejudice to AGIS Software, and this *Foman* factor does not weigh against the "extremely liberal" amendment policy of Rule 15. *See Owens*, 244 F.3d at 712.

      ii. <u>The FAC Will Not Cause Any Delay to the Schedule or Proceedings.</u>

1    There will be no delay to this case as a result of the amendment, let alone undue delay. "Undue delay" encompasses two inquiries, first being whether the proposed amendments would cause an undue delay in the proceedings. *See e.g., Brother Records, Inc. v. Jardine*, 318 F.3d 900, 910-11 (9th Cir. 2003). The second inquiry is whether the party seeking leave to amend unduly delayed in seeking amendment. *See e.g., Caswell v. Calderon*, 363 F.3d 832, 839-40 (9th Cir. 2004).

With respect to the first inquiry, Lyft's proposed addition of its breach of contract claim and Alter Ego Parties will not delay any of the proceedings. AGIS Software has been on notice of Lyft's alter ego theory of liability since it filed this complaint in June 2021 and Lyft's breach of contract claim since November 2021 at the very latest. *See* Dkt. 1; EDTX Action, ECF No. 205. The Court would not have to change the case schedule in order to accommodate these additions to the FAC, which this Court has already granted Lyft leave to file. Dkt. 61, at 10.

With respect to the second inquiry, Lyft did not delay in seeking to amend its Complaint. This Court expressly authorized Lyft's filing of its FAC on January 28, 2022, but ordered that Lyft seek leave to add new parties or claims. *Id.* Recent case developments, including AGIS Software's service of its infringement contentions and its affiliates' refusal to engage in jurisdictional discovery, established a need to add new parties and claims to the case. Because Lyft brings this motion before the expiration of the deadline to amend pleadings, no such delay can be found.

### iii.   The FAC is Not Futile.

Although leave to amend may be denied for futility, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, Lyft seeks to add a breach of contract claim and the Alter Ego Parties based on its good faith evaluation of AGIS Software's infringement contentions and the jurisdictional discovery Lyft has received to date, respectively. There is no evidence of bad faith or dilatory motive. *See Home Sav. Of Am. v. Felipe*, No. C12-01419 LB, 2013 WL 1856502, at *6 (N.D. Cal. May 2, 2013) (permitting amendment based on newly discovered facts where there was no indication of bad faith).

### iv.   Lyft Has Not Previously Amended its Complaint.

1    Finally, in considering whether to permit amendment, courts consider "a plaintiff's '*repeated* failure to cure deficiencies by previous amendments.'" *Jara v. Aurora Loan Servs. LLC*, No. CV 11-00419 LB, 2011 WL 4536898, *5 (N.D. Cal. Sep. 30, 2011) (emphasis in original) (quoting *Foman*, 371 U.S. at 182). Lyft has not sought to amend its complaint, let alone previously attempted to make the amendments it now seeks. Thus, this factor does not weigh against amendment, and Lyft's motion should be granted.

### V.    CONCLUSION

For the foregoing reasons, Lyft respectfully requests leave to amend its Complaint to add the Alter Ego Parties and its breach of contract claim, and further requests that its First Amended Complaint submitted herewith be deemed filed as of the date of the Order granting this motion.

Dated:  March 28, 2022                                     Respectfully submitted,

By:   */s/ Jeremy J. Taylor*
         Jeremy J Taylor

Jeremy J. Taylor (SBN 249075)
Arya Moshiri (SBN 324231)
jeremy.taylor@bakerbotts.com
arya.moshiri@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California St., Ste. 3600
San Francisco, CA 94111
Telephone: 415.291.6200
Facsimile: 415.291.6300

Bethany R. Salpietra (*pro hac vice*)
bethany.salpietra@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Ave., Ste. 900
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503

*Attorneys for Plaintiff Lyft, Inc.*