# Exhibit 2

**BAKER BOTTS L.L.P.**
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
Arya Moshiri (SBN 324231)
arya.moshiri@bakerbotts.com
101 California St., Ste. 3600
San Francisco, CA 94111
Telephone: 415.291.6200
Facsimile: 415.291.6300

Bethany R. Salpietra (*pro hac vice*)
bethany.salpietra@bakerbotts.com
2001 Ross Ave., Ste. 900
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503

*Attorneys for Plaintiff Lyft, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYFT, INC. <br><br> Plaintiff, <br><br> v. <br><br> AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Defendant. | Case No. 5:21-cv-04653-BLF <br><br> **PLAINTIFF LYFT, INC.'S JURISDICTIONAL 30(B)(6) NOTICE TO DEFENDANT AGIS SOFTWARE DEVELOPMENT LLC** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Plaintiff Lyft, Inc. ("Lyft"), will take the video deposition of Defendant AGIS Software Development LLC ("AGIS Software").

The deposition will take place on March 4, 2022 beginning at 9:00 a.m. and continuing thereafter until completed, remotely by video teleconference through web-based software, or at another time mutually agreed to by the parties. The deposition shall be taken before a court reporter or other person qualified to administer the oath and shall be recorded by videotape and stenographic means.

Pursuant to Fed. R. Civ. P. 30(b)(6), AGIS Software is required to produce one or more officers, directors, managing agents, or other persons who are designated and consent to testify on its behalf as to each of the subject matters set forth below. The deposition will proceed in accordance with the Federal Rules of Civil Procedure and the Court's Order Granting Jurisdictional Discovery (Dkt. No. 61), unless otherwise agreed.  AGIS Software is requested to identify in writing to Lyft, sufficiently in advance of the deposition, the one or more officers, directors, managing agents, or other persons who consent to testify on AGIS Software's behalf and the subject matters on which each person will testify.

Pursuant to Rules 30(b)(2) and 34 of the Federal Rules of Civil Procedure, AGIS Software is requested to produce all Documents and things relevant to the subject matter of the deposition topics herein reasonably in advance of the deposition. "Documents and things" as used herein have the same meaning as those terms do in Federal Rule of Civil Procedure 34.

**DEFINITIONS**

1. Preliminary Definitions:  The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.  The terms "any" and "all" shall be construed as "any and all."  "Including" means "including but not limited to."  The term "each" shall be construed as "each and every."  Words in the masculine, feminine, or neuter form shall include each of the other genders.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses.  The terms "and" and "or" are terms of inclusion and not of exclusion and are to be construed either disjunctively or conjunctively as necessary to make the request

1  inclusive rather than exclusive.  The use of the term "the" shall not be construed as limiting the
2  scope of any request.

3      2.    "AGIS Software," "Plaintiff," "You," or "Your" means plaintiff AGIS Software Development LLC and includes, without limitation, (a) any of its divisions, departments, or other organizational or operational units; (b) all of its predecessor or successor companies, corporations, or other business entities, including its parents and affiliates (specifically including Advanced Ground Information Systems, Inc. and AGIS Holdings, Inc.); (c) all present and former officers, directors, employees, consultants, agents, attorneys, affiliates, or others acting or purporting to act in whole or in part with any of the foregoing, directly or indirectly.

3.    "Lyft" and "Defendant" mean defendant Lyft, Inc. as well as any agents, affiliates, or other persons acting on Lyft's behalf.

4.    "Employee" means any officer, director, partner, employee, representative, or agent.

5.    "Person" means any natural person, proprietorship, association, partnership, firm, corporation, joint venture, government, or other legal entity, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors, and successors of such "Person."

6.    "Communication" means, without limitation, any transmittal of information in the form of facts, ideas, inquiries or otherwise, whether written, oral, or visual, and whether in person or by telephone, letter, or any other medium and any attachments thereto.  A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

7.    "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and includes writings, recordings, photographs, phonorecords, videos, drawings, charts, and other graphic matter that is or has been in AGIS Software's actual or constructive possession or control.  "Document" includes any tangible expression regardless of the manner or medium in which the record is produced, reproduced, or stored, including without limitation any written, printed, typed, recorded, photographed,

photocopied, taped, graphic, or other matter, in whatever form and whether in final or draft form. "Document" further includes electronically stored information, including without limitation electronic mail, electronic information stored on computer drives, diskettes, tapes, CDs, or other computer media, as well as any other information stored magnetically, electronically, optically, or mechanically. A draft or non-identical copy is a separate document within the meaning of this term. Any document bearing marks, including, without limitation, initials, stamped indicia, comments, or notations not part of the original document or photographic reproduction thereof, is a separate document.

8. "Thing" means all categories of tangible objects not included within the definition of "Document."

9. "Concerning," "concern(s)," "referring to," "relating to," "related to," "relate(s) to", "pertaining to," or "pertain(s) to" shall mean identifying, referring to, concerning, evidencing, demonstrating, summarizing, reflecting, constituting, containing, embodying, mentioning, pertaining to, commenting on, connected with, discussing, describing, analyzing, showing, comprising, illustrating, stating, dealing with, responding to, involving, recording, supporting, negating, or relating to in any way relevant to a particular subject, in whole or in part, either directly or indirectly.

**TOPICS**

1. All interactions, including Communications, between AGIS Software, AGIS Holdings, Inc., and/or Advanced Ground Information Systems, Inc. and any Person, company, or entity located, based, or incorporated in California from 2015 to the present, including but not limited to customers or potential customers of Advanced Ground Information Systems, Inc., licensees or potential licensees of AGIS Software and/or Advanced Ground Information Systems, Inc., law enforcement agencies, fire departments, first responders, state and local government agencies or departments, current and former members of the military, the State of California and any of its departments or divisions, ADI Technologies, Inc., Maven Research, Inc. or "Maven Consulting", CornerTurn LLC, Integrity Applications, Inc., American Reliance Inc., Green Hills Software LLC, Life360, Inc., Apple Inc., WhatsApp LLC, Facebook, Inc., Google LLC, Smith Micro Software LLC, T-Mobile U.S., Inc., Waze LLC, HTC Corporation and Samsung Electronics America, Inc. and/or Uber Technologies, Inc. d/b/a UBER ("Uber").

2. All transfers of money, including payments, made to or received by AGIS Software from 2017 to the present, including but not limited to all payments for facilities, staff, services, patent licenses, capital contributions, and/or transfers involving Advanced Ground Information Systems, Inc. or AGIS Holdings, Inc., including the bank account(s) from which the payment was made or to which the payment was deposited.

3. All corporate meetings, including but not limited to any board or officer meetings, performed by AGIS Software from 2017 to the present, including attendees, agendas, and associated meeting minutes for each meeting.

4. All reasons why AGIS Software was formed in 2017.

5. All employees, independent contractors, agents, or other Persons who have performed work for or on behalf of AGIS Software since 2017, the type of work performed by each, any agreement with AGIS Software pertaining to that work, and whether each has also performed work for Advanced Ground Information Systems, Inc. and/or AGIS Holdings, Inc.

6. Facts and circumstances supporting or refuting whether Advanced Ground Information Systems, Inc. and/or AGIS Holdings, Inc. is an alter ego of AGIS Software Development LLC, including whether:

   AGIS Software Development LLC commingles or have ever commingled funds with Advanced Ground Information Systems, Inc. and/or AGIS Holdings, Inc.;

   AGIS Software Development LLC maintains corporate minutes;

   AGIS Software Development LLC is dominated or controlled by the same Persons as Advanced Ground Information Systems, Inc. and/or AGIS Holdings, Inc.;

   AGIS Software Development LLC uses or otherwise shares an office or other business location with Advanced Ground Information Systems, Inc. and/or AGIS Holdings, Inc.;

   Advanced Ground Information Systems, Inc. and AGIS Software Development LLC are owned by the same Person(s) and whether such Person(s) has the same ownership percentage of each of Advanced Ground Information Systems, Inc. and AGIS Software Development LLC, respectively;

   AGIS Holdings, Inc. and AGIS Software Development LLC are owned by the same Person(s) and whether such Person(s) has the same ownership percentage of each of AGIS Holdings, Inc. and AGIS Software Development LLC, respectively;

   AGIS Software Development LLC is a shell company;

   AGIS Software Development LLC is an instrumentality or conduit for a single venture or business of Malcolm K. Beyer, Jr.; and

   AGIS Software Development LLC is adequately capitalized.

| | | |
|---|---|---|
| Dated: February 4, 2022 | | Respectfully submitted, |
| | By: | /s/ Jeremy J. Taylor |
| | | Jeremy J. Taylor |

Jeremy J. Taylor (SBN 249075)
Arya Moshiri (SBN 324231)
jeremy.taylor@bakerbotts.com
arya.moshiri@bakerbotts.com
**BAKER BOTTS L.L.P.**
101 California St., Ste. 3600
San Francisco, CA 94111
Telephone: 415.291.6200
Facsimile: 415.291.6300

Bethany R. Salpietra (*pro hac vice*)
bethany.salpietra@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Ave., Ste. 900
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503

*Attorneys for Plaintiff Lyft, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on February 4, 2022.

/s/ Jeremy J. Taylor
Jeremy J. Taylor