UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYFT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>    Defendant. | Case No. 21-cv-04653-BLF<br><br>**ORDER GRANTING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF Nos. 76, 79] |

Before the Court are Plaintiff Lyft, Inc.'s ("Lyft") administrative motions to consider whether another party's material should be sealed under Civil Local Rule 79-5(f). *See* ECF Nos. 76, 79. Lyft's sealing motions pertain to documents it filed in support of its (1) Motion to Compel Discovery and Compliance with Local Patent Rules (ECF No. 75) and (2) Motion for Leave to File First Amended Complaint (ECF No. 78). The information at issue was designated as confidential by Defendant AGIS Software Development LLC ("AGIS Software"). Lyft's motions are supported by declarations filed by AGIS Software. *See* ECF Nos. 86, 87.

Based on the below reasoning, the Court GRANTS IN PART Lyft's administrative motions.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing

1  of "good cause." *Id.* at 1097.

2  In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(1)(ii).

Furthermore, when a party (the "Moving Party") seeks to seal a document that has been designated as confidential by another party or non-party (the "Designating Party"), the Moving Party must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in [Civil Local Rule 79-5(c)(1)]." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration." Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

Because Lyft's sealing motions relate to a motion to compel discovery and a motion for leave to file an amended complaint, the Court finds that the "good cause" standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1097.

The Court has reviewed the sealing motions. The Court finds that AGIS Software has shown good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain. *See, e.g.*, *In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal

reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*, No. 5:19–MD–02827–EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)); *Krieger v. Atheros Commc'ns, Inc.*, No. 11–CV–00640–LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing request of "long-term financial projections, discussions of business strategy, and competitive analyses").

The Court rules as follows on Lyft's motions to consider whether another party's material should be sealed:

| Document | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
| --- | --- | --- | --- |
| ECF No. 75, Motion to Compel Discovery and Compliance with Local Patent Rules | Highlighted portions at:<br>• Page 2, line 13<br>• Page 5, lines 5–7<br>• Page 7, lines 5–6<br>• Page 7, lines 8–10<br>• Page 7, lines 16–19<br>• Page 7, lines 19–21<br>• Page 8, lines 24–25<br>• Page 8, line 28 to page 9, line 6<br>• Page 9, lines 6–8.<br><br>ECF No. 76 at 1. | Rubino Decl., ECF No. 86 at 1–2 | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |
| ECF No. 75-1, Ex. 10, Defendant AGIS Software's First Supplemental Objections and Responses to Lyft Inc.'s First Set of Jurisdictional Interrogatories | Entire document. ECF No. 76 at 1. | Rubino Decl., ECF No. 86 at 2–3 as to the following portions:<br>• Page 6, lines 4–8, 24–27<br>• Page 7, lines 1–7, 13–17, 26–27<br>• Page 8, lines 22–27<br>• Page 9, line 1<br>• Page 10, lines 27–28<br>• Page 11, lines 1–11 | GRANTED, as confidential business, financial, and licensing information of AGIS Software, regarding the following portions:<br>• Page 6, lines 4–8, 24–27<br>• Page 7, lines 1–7, 13–17, 26–27<br>• Page 8, lines 22–27<br>• Page 9, line 1<br>• Page 10, |

United States District Court
Northern District of California

| Document | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|
| | | • Page 12, lines 3–28<br>• Pages 13–16<br>• Page 17, lines 1–21<br>• Page 20, lines 12–14, 18–22, 23–27<br>• Page 22, lines 14–22<br>• Page 23, lines 15–27. | lines 27–28<br>• Page 11, lines 1–11<br>• Page 12, lines 3–28<br>• Pages 13–16<br>• Page 17, lines 1–21<br>• Page 20, lines 12–14, 18–22, 23–27<br>• Page 22, lines 14–22<br>• Page 23, lines 15–27.<br><br>DENIED as to all other portions, as without evidentiary support from a declaration. |
| ECF No. 75-1, Ex. 18, 30(b)(6) Deposition Transcript of Thomas Meriam, dated March 22, 2022 | Entire document. ECF No. 76 at 1. | Rubino Decl., ECF No. 86 at 3. | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |
| ECF No. 78, Plaintiff Lyft Inc.'s Motion for Leave to File First Amended Complaint | Highlighted portions at:<br>• Page 5, lines 6–12, 18, 23–26<br>• Page 6, line 4<br>• Page 7, lines 13–14<br><br>ECF No. 79 at 1. | Rubino Decl., ECF No. 87 at 1–2. | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |
| ECF No. 78-1, Ex. 1, First Amended Complaint | Highlighted portions at:<br>• Page 4, lines 8–10, 16–17<br>• Page 5, lines 18–22<br>• Page 14, lines 13–17<br>• Page 15, lines 1, 16–19, 25–28 | Rubino Decl., ECF No. 87 at 2–3 as to the highlighted portions at:<br>• Page 5, lines 18–22<br>• Page 14, lines 13–17<br>• Page 15, lines 25–28 | GRANTED, as confidential business, financial, and licensing information of AGIS Software, regarding the highlighted portions at:<br>• Page 5, lines 18–22<br>• Page 14, lines |

| Document | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|
| | • Page 16, lines 15–16, 20–27<br>• Page 17, lines 5–7, 12–13.<br><br>ECF No. 79 at 1. | • Page 16, lines 15–16, 20–27. | 13–17<br>• Page 15, lines 25–28<br>• Page 16, lines 15–16, 20–27.<br><br>DENIED, as without evidentiary support from a declaration, as to:<br>• Page 4, lines 8–10, 16–17<br>• Page 15, lines 1, 16–19<br>• Page 17, lines 5–7, 12–13. |
| ECF No. 78-1, Ex. 7, Defendant AGIS Software's First Supplemental Objections and Responses to Lyft Inc.'s First Set of Jurisdictional Interrogatories | Entire document. ECF No. 79 at 1–2. | Rubino Decl., ECF No. 87 at 3–4 as to the following portions:<br>• Page 6, lines 4–8, 24–27<br>• Page 7, lines 1–7, 13–17, 26–27<br>• Page 8, lines 22–27<br>• Page 9, line 1<br>• Page 10, lines 27–28<br>• Page 11, lines 1–11<br>• Page 12, lines 3–28<br>• Pages 13–16<br>• Page 17, lines 1–21<br>• Page 20, lines 12–14, 18–22, 23–27<br>• Page 22, lines 14–22<br>• Page 23, lines 15–27. | GRANTED, as confidential business, financial, and licensing information of AGIS Software, regarding the following portions:<br>• Page 6, lines 4–8, 24–27<br>• Page 7, lines 1–7, 13–17, 26–27<br>• Page 8, lines 22–27<br>• Page 9, line 1<br>• Page 10, lines 27–28<br>• Page 11, lines 1–11<br>• Page 12, lines 3–28<br>• Pages 13–16<br>• Page 17, lines 1–21<br>• Page 20, lines 12–14, 18–22, 23–27<br>• Page 22, lines 14–22<br>• Page 23, |

| Document | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|
| | | | lines 15–27.<br><br>DENIED as to all other portions, as without evidentiary support from a declaration. |
| ECF No. 78-1, Ex. 11, 30(b)(6) Deposition Transcript of Thomas Meriam, dated March 22, 2022 | Entire document. ECF No. 79 at 2. | Rubino Decl., ECF No. 87 at 4. | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |

## III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Lyft's administrative motions to consider whether another party's material should be sealed are GRANTED IN PART, per the above; and

2. Lyft SHALL file newly redacted versions of ECF No. 75-1, Ex. 10; ECF No. 78-1, Ex. 1; and ECF No. 78-1, Ex. 7, per the above, on or before April 13, 2022.

Dated:  April 7, 2022

_____
BETH LABSON FREEMAN
United States District Judge