**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LYFT, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>        Defendant. | Case No. 21-cv-04653-BLF<br><br>**ORDER GRANTING DEFENDANT AGIS SOFTWARE'S SEALING MOTION; GRANTING PLAINTIFF LYFT, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED; DENYING PLAINTIFF LYFT, INC.'S SEALING MOTION**<br><br>[Re: ECF Nos. 93, 108, 109] |

Before the Court are (1) Defendant AGIS Software Development LLC's ("AGIS Software") administrative motion to seal documents filed with its Opposition to Plaintiff Lyft, Inc.'s ("Lyft") Motion for Leave to File First Amended Complaint (ECF No. 93); (2) Lyft's administrative motion to consider whether another party's material should be sealed in connection with its Reply in support of its Motion for Leave to File First Amended Complaint (ECF No. 108); and (3) Lyft's administrative motion to seal information in its Reply in support of its Motion for Leave to File First Amended Complaint (ECF No. 109). All three motions are unopposed.

Based on the below reasoning, the Court GRANTS AGIS Software's sealing motion at ECF No. 93 and Lyft's motion to consider whether another party's material should be sealed at ECF No. 108. Further, the Court DENIES Lyft's motion to seal at ECF No. 109.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

1   597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than
2   tangentially related to the merits of a case" may be sealed only upon a showing of "compelling
3   reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.
4   2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing
5   of "good cause." *Id.* at 1097.

6   In addition, in this district, all parties requesting sealing must comply with Civil Local
7   Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a
8   document under seal, including an explanation of: (i) the legitimate private or public interests that
9   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
10  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5
11  requires the moving party to provide "evidentiary support from declarations where necessary."
12  Civ. L.R. 79-5(c)(1)(ii).

13  Furthermore, when a party (the "Moving Party") seeks to seal a document that has been
14  designated as confidential by another party or non-party (the "Designating Party"), the Moving Party
15  must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local
16  Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof
17  for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the
18  Designating Party must file a statement and/or declaration as described in [Civil Local
19  Rule 79-5(c)(1)]." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no
20  later than 4 days after the Designating Party files its statement and/or declaration."
21  Civ. L.R. 79-5(f)(4).

22  **II.   DISCUSSION**

23  Because the parties' sealing motions pertain to a motion for leave to file an amended
24  complaint, the Court finds that the "good cause" standard applies. *Ctr. for Auto Safety*, 809 F.3d
25  at 1097.

26  The Court has reviewed the sealing motions. The Court finds that AGIS Software has shown
27  good cause to file under seal the documents and portions of documents containing AGIS Software's
28  confidential information given the sensitive financial and business information they contain.

*See, e.g.*, *In re Electronic Arts*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (quoting *In re Apple Inc. Device Performance Litig.*, No. 5:19–MD–02827–EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019)); *Krieger v. Atheros Commc'ns, Inc.*, No. 11–CV–00640–LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (granting sealing request of "long-term financial projections, discussions of business strategy, and competitive analyses"). However, as outlined below, the Court finds that Lyft has failed to show good cause as to its sealing motion related to the amount of attorneys' fees sought in a concurrent action in the Eastern District of Texas. *See* ECF No. 109.

The Court rules as follows on the parties' sealing motions:

| Sealing Motion | Document Sought to Be Sealed | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|---|
| ECF No. 93, AGIS Software's Motion to Seal | ECF No. 94, AGIS Software's Response in Opposition to Lyft's Motion for Leave to File First Amended Complaint | Highlighted portions at:<br>• Page 5, lines 8–25;<br>• Page 6, lines 1–15, 10–12, 14–18, 23–26 | Rubino Decl., ECF No. 93-1 at 1–2 | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |
| ECF No. 93, AGIS Software's Motion to Seal | ECF No. 94, Ex. 1, 30(b)(6) Deposition Transcript of Thomas Meriam | Entire Document | Rubino Decl., ECF No. 93-1 at 2 | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |
| ECF No. 108, Lyft's Motion to Consider Whether Another Party's Material Should Be | ECF No. 107, Lyft's Reply in Support of its Motion for Leave to File First Amended Complaint | Highlighted portions at:<br>• Page 4, lines 15–21, 22–27;<br>• Page 5, lines 1–2, | Rubino Decl., ECF No. 87 at 3–4 | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |

3

| Sealing Motion | Document Sought to Be Sealed | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|---|
| Sealed | | 24–27;<br>• Page 6, lines 2–3;<br>• Page 8, lines 1–2, 10–11 | | |
| ECF No. 108, Lyft's Motion to Consider Whether Another Party's Material Should Be Sealed | ECF No. 107, Ex. 13, 30(b)(6) Deposition Transcript of Thomas Meriam | Entire Document | Rubino Decl., ECF No. 87 at 4; Rubino Decl., ECF No. 93-1 at 2; Rubino Decl., ECF No. 86 at 3 | GRANTED, as confidential business, financial, and licensing information of AGIS Software. |
| ECF No. 109, Lyft's Motion to Seal | ECF No. 107, Lyft's Reply in Support of its Motion for Leave to File First Amended Complaint | Highlighted portions at:<br>• Page 5, line 11 | Salpietra Decl., ECF No. 109-1 at 1–2 | Lyft moves to seal the amount of attorneys' fees sought in a concurrent action in the Eastern District of Texas because "[d]isclosure of this information could cause competitive harm to Lyft by providing an incomplete and misleading picture of the nature and magnitude of legal fees expended for the EDTX Action in view of the fact that Lyft is seeking only a limited amount of its overall fees."  *See* Salpietra Decl., ECF No. 109-1 at 2–3.  The Court disagrees with Lyft that disclosing the amount of attorneys' fees it seeks in the concurrent action could cause it competitive harm sufficient for a showing of good cause.  *See In* |

| Sealing Motion | Document Sought to Be Sealed | Portions Sought to Be Sealed | Decl. ISO Sealing | Ruling |
|---|---|---|---|---|
| | | | | *re Anthem, Inc. Data Breach Litig.*, No. 15–MD–02617–LHK, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (sealing request related to attorneys' fees motion was narrowly tailored because it did not seek to seal aggregate amount of attorneys' fees sought); *see also Adtrader, Inc. v. Google LLC*, No. 17–cv–07082–BLF, 2020 U.S. Dist. LEXIS 71651, at **4–6 (N.D. Cal. Mar. 24, 2020) (granting sealing motion as to different kinds of information in attorneys' fees motion). Accordingly, the Court DENIES Lyft's request to seal this information. |

///

///

///

///

///

///

///

///

///

///

///

5

**III.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. AGIS Software's sealing motion at ECF No. 93 is GRANTED;
2. Lyft's motion to consider whether another party's material should be sealed at ECF No. 108 is GRANTED;
3. Lyft's sealing motion at ECF No. 109 is DENIED; and
4. Lyft SHALL file newly redacted versions of ECF No. 107, per the above, on or before May 9, 2022.

Dated:  May 2, 2022

BETH LABSON FREEMAN
United States District Judge