# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LYFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> AGIS SOFTWARE DEVELOPMENT LLC, <br><br> Defendant. | Case No. 21-cv-04653-BLF <br><br> **ORDER GRANTING PLAINTIFF LYFT, INC.'S MOTION TO STAY CASE PENDING PATENT OFFICE PROCEEDINGS INVOLVING THE PATENTS-IN-SUIT** <br><br> [Re: ECF No. 103] |

Before the Court is Plaintiff Lyft, Inc.'s ("Lyft's") Motion to Stay Pending Patent Office Proceedings Involving the Patents-in-Suit. *See* Motion, ECF No. 103. This is a patent declaratory judgment action filed by Lyft against Defendant AGIS Software Development LLC ("AGIS Software"), which had previously asserted the five patents-in-suit against Lyft in the Eastern District of Texas.

Pursuant to Civil Local Rule 7-1(b), the Court finds that Lyft's motion is appropriate for determination without oral argument. Based on the below reasoning, the Court GRANTS Lyft's motion.

## I. BACKGROUND

On January 29, 2021, AGIS Software filed a patent infringement action against Lyft in the Eastern District of Texas regarding the Patents-in-Suit based on "the Lyft and Lyft Driver applications and the related services and/or servers for the applications." *See* Complaint, ECF No. 1 ¶ 4. The case was consolidated with AGIS Software's cases against T-Mobile US, Inc., T-Mobile USA, Inc. (collectively, "T-Mobile"), Uber Technologies, Inc. ("Uber"), and WhatsApp, Inc. ("WhatsApp") before Judge Gilstrap under the caption *AGIS Software Dev. LLC v. T-Mobile USA,*

*Inc.*, No. 2:21–cv–00072–JRG–RSP (E.D. Tex.) ("E.D. Texas Action"). On January 19, 2022, Judge Gilstrap dismissed Lyft from the case for improper venue. *See* E.D. Texas Action, ECF No. 334. AGIS Software's claims against T-Mobile, WhatsApp, and Uber in the Eastern District of Texas have been dismissed as well. *See id.*, ECF Nos. 169, 220, 370.

On June 16, 2021, while AGIS Software's Eastern District of Texas action against Lyft was still pending, Lyft filed the present action for declaratory judgment of noninfringement of the same patents asserted against it in the Texas case. *See* Complaint, ECF No. 1. Five patents are at issue in this case: U.S. Patent Nos. 7,031,728 ("'728 Patent"); 7,630,724 ("'724 Patent"); 8,213,970 ("'970 Patent"); 10,299,100 ("'100 Patent"); and 10,341,838 ("'838 Patent") (collectively, the "Patents-in-Suit").

On July 27, 2020, the USPTO granted Google LLC's ("Google") request for EPR of the '970 Patent challenging all claims at issue in the above-captioned case. In late 2021, reexamination terminated with the issuance of a reexamination indicating amendments to the two challenged independent claims—Claims 2 and 10. *See* Motion, ECF No. 103, Ex. 1. AGIS has not asserted the new claims in this litigation. *See* Motion, ECF No. 103 at 2.

On October 22, 2021, Uber filed a Request for *ex parte* reexamination ("EPR") of the '728 and '724 Patents, challenging each claim of these patents at issue in the above-captioned case. *See* Appl. No. 90/014,889; Appl. No. 90/014,890. The USPTO granted the requests on December 6 and 7, 2021, finding substantial new questions of patentability. *See* Motion, ECF No. 103, Exs. 2 & 3. Despite petitioning for and receiving two-month extensions of time to file its Patent Owner's Statements in both EPR proceedings, AGIS Software ultimately failed to submit Patent Owner Statements in either. *See* Motion, ECF No. 103, Exs. 4 & 5. Lyft indicates that a first office action in the EPR proceedings is likely in short order. *See* Motion, ECF No. 103 (citing 37 C.F.R. § 1.550(a); Motion, ECF No. 103, Ex. 6 at 2).

On January 29, 2022, Lyft filed IPR petitions challenging all claims of the '838 and '100 Patents at issue in the above-captioned action. *See* IPR2022-00513; IPR2022-00514; IPR2022-00515. Lyft's petitions are substantively identical to IPR petitions filed by Uber on July 23, 2021, which were instituted by the PTAB on January 7, 2022 and subsequently terminated

due to settlement on March 17, 2022. *See* Motion, ECF No. 103, Exs. 7–9. AGIS Software filed Patent Owner's Preliminary Responses on May 9, 2022, so the PTAB will issue its institution decisions within three months of that date. *See* 35 U.S.C. § 314(b)(1).

Lyft moves to stay the above-captioned case in light of the EPRs pending as to the '728 and the '724 Patents and Lyft's pending IPR petitions as to the '838 and '100 Patents. Lyft argues that a stay is justified because (1) the case is at an early stage, since no merits discovery has taken place and the case deadlines are months or years away; (2) 64 of the 68 patent claims at issue in this case are likely to be or currently under EPR or IPR review, so simplification from a stay is almost certain; and (3) a stay would not prejudice non-competitor AGIS Software. *See* Motion, ECF No. 103; Reply, ECF No. 132. AGIS Software opposes, arguing that (1) the parties have engaged in jurisdictional discovery and exchanged contentions and some claim construction disclosures, so the stage of litigation weighs against a stay; (2) no IPR or EPR proceedings are pending as to the '970 Patent and Lyft's IPR petitions as to the '838 and '100 Patents have not been instituted, so simplification is not assured; and (3) AGIS Software will be prejudiced by a stay, particularly given the advanced age of its CEO and primary witness. *See* Opposition, ECF No. 120.

## II. LEGAL STANDARD

A district court has inherent power to manage its own docket and stay proceedings, "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988) (citation omitted). A court is under no obligation to stay proceedings pending parallel litigation in the PTAB. *See Aylus Networks, Inc. v. Apple, Inc.*, No. C–13–4700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014) (citations omitted). The factors that courts in this District consider when determining whether to stay litigation are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F.Supp.3d 1022, 1025 (N.D. Cal. 2014) (quoting *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D.Cal. 2006)). The moving party bears the burden of persuading the court that a stay is appropriate. *See Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,

1  No. 5:13–CV–04206–EJD, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014).

## III. DISCUSSION

As outlined above, the parties dispute whether the (1) stage of the case; (2) simplification; and (3) prejudice factors support a stay. The Court considers each factor in turn.

### A. Stage of the Case

First, the Court considers whether the case has progressed significantly enough for a stay to be disfavored. *PersonalWeb*, 69 F.Supp.3d at 1025. Lyft argues that this factor favors a stay because there has been no discovery on the merits (only as to jurisdiction); the claim construction hearing is scheduled for September; and trial is not until late 2023. *See* Motion, ECF No. 103 at 4–5. Lyft also argues that resolution of various gating items lies ahead, including issues related to discovery and AGIS Software's infringement contentions. *See id.*; Reply, ECF No. 132 at 3. AGIS Software argues that this factor does not favor a stay because infringement and invalidity contentions have been exchanged, jurisdictional discovery has taken place, and the parties have made claim construction disclosures. *See* Opposition, ECF No. 120 at 8–9.

The Court finds that the stage of the case strongly favors a stay. An operative complaint is not even on file, and all of the most burdensome stages of litigation lie far in the future. The limited jurisdictional discovery the parties have engaged in and the contentions they have exchanged weigh little against a stay, particularly where questions regarding AGIS Software's infringement contentions have yet to be resolved. *See* Motion to Amend Infringement Contentions, ECF No. 84; Motion, ECF No. 103 at 5 ("[AGIS Software] has not yet confirmed whether it will attempt to assert the claims of the '970 Patent that emerged from reexamination.").

Accordingly, the Court finds this factor weighs strongly in favor of a stay.

### B. Simplification

The second factor courts consider is "whether a stay will simplify the issues in question and trial of the case[.]" *PersonalWeb*, 69 F.Supp.3d at 1025. Lyft argues that a stay would likely simplify the case. Lyft argues that the IPR petitions regarding the '100 and '838 Patents and the EPR requests regarding the '728 and '724 Patents cover 64 of the 68 claims at issue in this case— leaving the four '970 Patent claims found invalid in a previous EPR. *See* Motion, ECF No. 103 at 5.

4

Based on USPTO and PTAB statistics, Lyft argues that there is around a 99.8% chance that at least one of the four challenged patents will be impacted by the currently pending EPR and IPR proceedings. *See id.* at 6; Reply, ECF No. 132 at 1. Further, Lyft argues that simplification is not speculative here, because the PTAB has previously instituted IPR based on the same invalidity grounds as it presents for the '100 and '838 Patents. *See* Motion, ECF No. 103 at 3; Reply, ECF No. 132 at 1–2. Further, Lyft argues that the USPTO found substantial new questions of patentability in the EPRs of the '728 and '724 Patents, and AGIS Software failed to file a patent owner response. *See* Motion, ECF No. 103 at 2–3; Reply, ECF No. 132 at 2. In response, AGIS Software argues that the '970 Patent is not subject to USPTO review; the IPRs as to the '100 and '838 Patents have not been instituted; and it is speculative that the USPTO will change or invalidate the '728 and '724 claims through EPR review, which lacks any estoppel effect in any case. *See* Opposition, ECF No. 120 at 4–6.

The Court finds that the simplification factor favors a stay. The vast majority of claims at issue in this case—94%—are likely to be or currently under review in post-grant proceedings. Further, the statistics Lyft presents are compelling. It is overwhelmingly likely based on the current state of the IPRs and EPRs that the claims at issue in this case change or are invalidated based on post-grant proceedings, or else clarification of the Patents-in-Suit results.

Courts often disfavor stays pending IPR prior to institution. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21–cv–02436–BLF, 2022 WL 1189882, at \*\*3–4 (N.D. Cal. Apr. 21, 2022). But the facts of this case regarding the '100 and '838 Patents are more compelling than in a typical stay motion filed prior to institution of pending IPR petitions. It is undisputed here that Lyft's IPR petitions as to the '100 and '838 Patents are "substantively identical" to Uber's IPR petitions on which the PTAB previously instituted review (but subsequently terminated due to settlement). *See* Motion, ECF No. 103 at 3. Accordingly, as to the '100 and '838 Patents, the simplification factor weighs in favor of a stay—much as it would in a situation in which IPR review had already been instituted as to these patents. *See Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co., Ltd.*, No. 16–cv–03886–BLF, 2017 WL 2633131, at \*3 (N.D. Cal. June 19, 2017) (simplification favors a stay where it is "highly likely" that "the PTAB repeats its previous

5

institution decisions").

AGIS Software further argues that simplification from the EPRs as to the '728 and the '724 Patents is speculative. *See* Opposition, ECF No. 120 at 5–6. But the Court disagrees given that the USPTO has already granted the EPR requests as to these patents and AGIS Software has failed to submit Patent Owner Statements in the EPR proceedings. *See* Motion, ECF No. 103 at 2. Accordingly, the Court finds that simplification based on the EPRs is likely. AGIS Software further argues that EPR review does not have an estoppel effect. *See* Opposition, ECF No. 120 at 5. Regardless, the EPR proceedings are still likely to simplify, clarify, or otherwise impact the present proceedings. *See, e.g., Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1032 (C.D. Cal. 2013).

Additionally, AGIS Software argues that the lack of post-grant proceedings pending as to the '970 Patent indicates that the simplification factor does not support a stay. *See* Opposition, ECF No. 120 at 4–5. But post-grant proceedings are likely or currently underway as to 64 of the 68 claims at issue in this case. Courts commonly find that the simplification factor favors a stay when the vast majority—but not all—asserted claims are under USPTO review. *See, e.g., Netlist, Inc. v. Smart Storage Sys., Inc.*, No. 13–cv–5889–YGR, 2015 WL 1738192, at *1 (N.D. Cal. Apr. 9, 2015) ("[T]he PTAB's determination to proceed with review on the majority of claims . . . strongly indicates that a stay would simplify the case and avoid duplicative litigation.").

AGIS Software also argues that the prior stipulated schedule and the fact that Lyft has failed to move for a continuance of any dates weighs against a stay. *See* Opposition, ECF No. 120 at 5. The Court disagrees. AGIS Software can point to no authority indicating that a party must first seek modification of the case schedule before it can move for a stay.

Accordingly, the Court finds that the simplification factor weighs in favor of a stay.

### C. Prejudice

The third factor courts consider in assessing whether a stay is appropriate is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb*, 69 F.Supp.3d at 1025. Courts typically consider four subfactors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings;

and (4) the relationship of the parties." *Uniloc*, 2019 WL 1905161, at *5.

### 1. Timing of Requests for Post-Grant Proceedings

Under the first subfactor, the Court considers whether the timing of the post-grant requests at issue in this case indicates that a stay would prejudice AGIS Software. *PersonalWeb*, 69 F.Supp.3d at 1029. Lyft points out that the EPR requests for the '970 Patent was filed in May 2020, and the EPR requests for the '728 and '724 Patents were filed October 2021. *See* Motion, ECF No. 103 at 8. Additionally, Lyft argues that it filed its IPR petitions only around a month after the PTAB instituted Uber's petitions as to the '100 and '838 Patents. *See* Motion, ECF No. 103 at 8–9. Further, Lyft argues that if AGIS Software had not moved for dismissal of Uber's IPRs, Lyft's IPRs may have been joined with Uber's IPRs and resolved seven months earlier than they likely will now. *See id.* at 8–9. In response, AGIS Software argues that Lyft filed its IPR petitions one year from the date of the filing of the complaint against Lyft in the E.D. Texas Action—just within the one-year statutory deadline. *See* Opposition, ECF No. 120 at 6–7; 35 U.S.C. § 315(b). AGIS Software also argues that Lyft filed its IPR petitions months after Uber filed its IPR petitions in July 2021. *See* Opposition, ECF No. 120 at 7.

The Court finds that the timing of Lyft's IPR petitions weighs against a stay here. Courts commonly find this factor weighs against a stay where a party filed IPR petitions shortly before the statutory deadline. *See, e.g., Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16–cv–00791–RS, 2017 WL 1316549, at *3 (N.D. Cal. April 10, 2017).

Accordingly, this subfactor weighs against a stay.

### 2. Timing of Stay Request

Under the second subfactor, the Court considers whether the timing of Lyft's stay motion indicates prejudice to AGIS Software. *Uniloc*, 2019 WL 1905161, at *5. Lyft argues that it raised the possibility of a stay motion at the January 27, 2022 case management conference. *See* Motion, ECF No. 103 at 7. Further, Lyft argues that it filed the present motion shortly after filing its IPRs on January 29, 2022, and any minor delay was not dilatory given that Lyft was seeking discovery and moving to amend its complaint. *See* Motion, ECF No. 103 at 7; Reply, ECF No. 132 at 4. In response, AGIS Software argues that Lyft's delay of nearly three months after (1) filing its IPR

7

petitions and (2) flagging the issue at the case management conference weighs against a stay. *See* Opposition, ECF No. 120 at 7.

The Court agrees with AGIS Software. Lyft's three-month delay in bringing its stay motion after filing its IPR petitions weighs against a stay here. Further, the fact that Lyft flagged a potential stay request at the January 27, 2022 case management conference does not change the Court's analysis. Lyft waited nearly 3 months after the case management conference to bring its stay motion.

Accordingly, this subfactor weighs against a stay.

### 3. Status of Review Proceedings

Under the third subfactor, the Court considers whether the status of the IPR and EPR proceedings indicates that a stay would prejudice AGIS Software. *Uniloc*, 2019 WL 1905161, at *5. Lyft argues that that the stage of the EPR proceedings regarding the '728 and '724 Patents favors a stay, because the USPTO is likely to issue first office actions imminently given that AGIS Software failed to file Patent Owner Responses in those proceedings. *See* Motion, ECF No. 103 at 7–8. Further, Lyft argues that the status of the IPR proceedings as to the '100 and '838 Patents favors a stay, because they are likely to be instituted by August 8, 2022 given the PTAB's prior institution as to Uber's substantively identical petitions. *See id.* at 8. AGIS Software argues that the status of the EPR proceedings disfavors a stay, because reexamination may take as long as three years. *See* Opposition, ECF No. 120 at 7. Further, AGIS software argues that the status of the IPR proceedings disfavors a stay, because review has not been instituted. *See id.*

The Court agrees with Lyft. As the Court outlined above, even though the IPR petitions as to the '100 and '838 Patents have not been instituted, the status of the IPR proceedings still favors a stay given that IPR review was previously instituted on substantively identical Uber petitions. Further, while reexamination can take time, the Court is not sympathetic to AGIS Software's position given that it delayed the EPR process by seeking an extension for its Patent Owner Responses and then failed to file any such responses.

Accordingly, the Court finds that this subfactor favors a stay.

#### 4. Relationship of the Parties

Under the fourth subfactor, the Court considers whether the relationship between the parties indicates that a stay would prejudice AGIS Software. *Uniloc*, 2019 WL 1905161, at *5. Lyft argues that this subfactor favors a stay because the '728 Patent was issued in 2006 but AGIS Software did not assert it against Lyft until 2021; AGIS Software is a patent assertion entity that does not compete with Lyft; and AGIS Software has not acted with urgency by, *e.g.*, moving for a preliminary injunction in the E.D. Texas Action or waiving its jurisdictional challenge in this case. *See* Motion, ECF No. 103 at 9–10; Reply, ECF No. 132 at 5. Further, Lyft argues that it would be prejudiced without a stay, since it would continue to incur expense defending against infringement allegations regarding patent claims that may be invalidated or amended. *See* Motion, ECF No. 103 at 10. In response, AGIS Software argues that its CEO and primary witness is of advanced age, so a lengthy stay would result in undue prejudice. *See* Opposition, ECF No. 120 at 8. Further, AGIS Software argues that a stay would lead to a prejudicial compression of the remaining stages of litigation. *See id.* at 8.

The Court agrees with Lyft. The parties are not competitors and AGIS Software has repeatedly demonstrated that it has little urgency in pursuing its infringement claims against Lyft—in this Court, in the Eastern District of Texas, and in post-grant proceedings. The Court is sympathetic to AGIS Software given the advanced age of its CEO and primary witness, but AGIS Software has not articulated with sufficient specificity the associated prejudice that would result if the case is stayed. Further, AGIS Software's concerns about compression of the case schedule can be easily remedied by a modification of the case schedule further down the road if the case is stayed.

Accordingly, the Court finds that this subfactor weighs in favor of a stay.

* * *

With two subfactors weighing in favor of a stay and two subfactors weighing against a stay, the Court finds that the prejudice factor is neutral.

### D. Balancing the Factors

Since two factors—stage of the case and simplification—favor a stay, and the remaining prejudice factor is neutral, the Court finds that a stay is appropriate.

9

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Lyft's motion to stay is GRANTED;
2. the parties SHALL file a status update based on the earlier of the following: (1) 180 days after the filing of this Order or (2) resolution of the pending EPR proceedings regarding the '728 or '724 Patents and any IPR proceedings resulting from Lyft's pending IPR petitions as to the '838 and '100 Patents;
3. all pending motions, including discovery motions, are hereby TERMINATED WITHOUT PREJUDICE to refiling after the stay ends; and
4. excluded from this stay order are Lyft's filing its First Amended Complaint as ordered at ECF No. 133 and the parties filing a stipulated proposed redacted version of the Court's sealed order at ECF No. 133 before May 25, 2022.

Dated: May 19, 2022

_____
BETH LABSON FREEMAN
United States District Judge

10