UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYFT, INC., <br><br>    Plaintiff, <br><br>        v. <br><br> AGIS SOFTWARE DEVELOPMENT LLC, et al., <br><br>    Defendants. | Case No. 21-cv-04653-BLF <br><br> **ORDER GRANTING STIPULATION REGARDING PROPOSED REDACTIONS TO COURT'S SEALED ORDER** <br><br> [Re: ECF No. 136] |

On May 19, 2022, the Court issued an order granting Plaintiff Lyft, Inc.'s ("Lyft") Motion for Leave to File First Amended Complaint. *See* ECF No. 133. The Court conditionally sealed the order since it referenced materials that were filed under seal, directing the parties to file a stipulated request for redactions. *See* ECF No. 134. On May 24, 2022, the parties filed a stipulation with a proposed redacted version of the Court's order. *See* ECF No. 136. On May 25, 2022, the Court directed the parties to submit declarations in support of the confidentiality of the information underlying the proposed redactions. *See* ECF No. 137. On May 27, 2022, Defendant AGIS Software Development LLC ("AGIS Software") submitted a declaration from its counsel Vincent J. Rubino, III in support of the proposed redactions. *See* Rubino Decl., ECF No. 142. On May 31, 2022, Lyft submitted a declaration from counsel indicating that it "takes no position" with regard to the confidentiality of the information for which the parties proposed redactions. *See* Salpietra Decl., ECF No. 143.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than

1  tangentially related to the merits of a case" may be sealed only upon a showing of "compelling
2  reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.
3  2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing
4  of "good cause." *Id.* at 1097.

5  The information for which the parties proposed redactions falls into three main categories:
6  (1) information regarding a AGIS Software license agreements (ECF No. 133 at 2:16–17, 4:17–18,
7  4:28); (2) information regarding the structure of AGIS Software and AGIS, Inc. and AGIS Holdings,
8  Inc. (ECF No. 133 at 3:12–14, 3:16–17, 3:19, 3:22, 3:27–28, 4:1–2). With respect to the information
9  regarding the license agreement, Mr. Rubino's declaration indicates that the information at issue is
10 covered by confidentiality provisions in the agreements that would be breached if the information
11 were revealed. *See* Rubino Decl., ECF No. 142 at 1. Further, Mr. Rubino indicates that making the
12 information public would be harmful to the third parties who entered into those agreements, since it
13 would reveal confidential licensing information to competitors. *See id.* at 1. With respect to the
14 information regarding the structure and funds of AGIS Software, AGIS Inc. and
15 AGIS Holdings, Inc., Mr. Rubino indicates that the information is confidential business
16 information, including information regarding the contents of agreements between entities. *See id.*
17 at 2.

18 As an initial matter, the Court finds that the "good cause" standard applies here, since the
19 parties seek to seal information in connection with the Court's order on Lyft's Motion to File First
20 Amended Complaint, which is only tangentially related to the merits of this case. *See Ctr. for Auto*
21 *Safety*, 809 F.3d at 1097.

22 Further, the Court finds that AGIS Software has shown good cause for keeping the proposed
23 redacted information under seal. The proposed redactions pertain to confidential business and
24 licensing information, and AGIS Software has provided evidence that publicly disclosing this
25 information would harm AGIS Software and third parties. *See In re Electronic Arts*,
26 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business
27 information that might harm a litigant's competitive strategy"); *Nicolosi Distributing, Inc. v.*
28 *Finishmaster, Inc.*, No. 18–cv–03587–BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018)

United States District Court
Northern District of California

("[C]ompelling reasons exist [to seal three contracts] because they contain proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements."); "); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. 2021).

Accordingly, the parties' stipulation regarding redactions to the Court's sealed order at ECF No. 133 is hereby GRANTED. The Court will file the proposed redacted version of its sealed order shortly.

**IT IS SO ORDERED.**

Dated: June 6, 2022

_____
BETH LABSON FREEMAN
United States District Judge