**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LYFT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>    Defendant. | Case No. 21-cv-04653-BLF<br><br>**ORDER GRANTING PLAINTIFF LYFT, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>[Re: ECF No. 78] |

Before the Court is Plaintiff Lyft, Inc.'s ("Lyft") motion for leave to file a first amended complaint in this patent declaratory judgment action against AGIS Software Development LLC ("AGIS Software"). Lyft seeks to add three new parties—Advanced Ground Information Systems, Inc. ("AGIS, Inc."); AGIS Holdings, Inc. ("AGIS Holdings"); and Malcolm K. Beyer, Jr. (collectively, the "Proposed Parties")—and a breach of contract claim in its first amended complaint. *See* Motion, ECF No. 78. AGIS Software opposes. *See* Opposition, ECF No. 94.

Pursuant to Civil Local Rule 7-1(b), the Court finds that Lyft's motion is appropriate for determination without oral argument. Based on the below reasoning, the Court GRANTS Lyft's motion.

**I.   BACKGROUND**

On January 29, 2021, AGIS Software filed a patent infringement action against Lyft in the Eastern District of Texas regarding the Patents-in-Suit based on "the Lyft and Lyft Driver applications and the related services and/or servers for the applications." *See* Complaint, ECF No. 1 ¶ 4. The case was consolidated with other AGIS Software cases under the caption *AGIS Software Dev. LLC v. T-Mobile USA, Inc.*, No. 2:21–cv–00072–JRG–RSP (E.D. Tex.) ("E.D. Texas Action").

On January 19, 2022, Judge Gilstrap dismissed Lyft from the case for improper venue. *See* E.D. Texas Action, ECF No. 334.

On June 16, 2021, while AGIS Software's Eastern District of Texas action against Lyft was still pending, Lyft filed the present action for declaratory judgment of noninfringement of the same patents asserted against it in the E.D. Texas Action. *See* Complaint, ECF No. 1. On January 28, 2022, the Court dismissed Lyft's complaint for lack of personal jurisdiction with leave to amend. *See* Order, ECF No. 61. The Court further granted Lyft's request for jurisdictional discovery in the form of five interrogatories and one four-hour Rule 30(b)(6) deposition. *See id.* at 10. Additionally, the Court ordered that Lyft could not add any new claims or new parties to any amended complaint without the leave of the Court or a stipulation with AGIS Software. *See id.*

On March 28, 2022, Lyft filed a motion for leave to file a first amended complaint, seeking to (1) add the Proposed Parties and (2) add a breach of contract claim against AGIS Software and the Proposed Parties. *See* Motion, ECF No. 78. Lyft seeks to add the Proposed Parties because it argues that jurisdictional discovery has indicated that the Proposed Parties are alter egos of AGIS Software. *See id.* at 4–5. The breach of contract claim is based on AGIS Software's alleged breach of ███████████████████████████████████████████████████████ by accusing the Lyft application installed on ███ devices in the E.D. Texas Action and the present case. *See* Proposed First Amended Complaint, ECF No. 2 ¶¶ 213–237. AGIS Software opposes, arguing that (1) the evidence does not indicate the Proposed Parties are alter egos of AGIS Software and (2) Lyft was dilatory in seeking to add its breach of contract claim, which is moot based on AGIS Software's pending motion to amend its infringement contentions. *See* Opposition, ECF No. 94 at 4–8.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the

2

1  opposing party, or (5) futility of amendment.  *See Eminence Capital, LLC v. Aspeon, Inc.*,
2  316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 37 U.S. 178, 182 (1962)).  "[I]t is the
3  consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  However, a
4  strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

### III. DISCUSSION

Lyft seeks leave to (1) add the Proposed Parties and (2) add a breach of contract claim to its first amended complaint.  *See* Motion, ECF No. 78.  AGIS Software opposes each request.  *See* Opposition, ECF No. 94.  The Court will consider each issue in turn.

#### A. Leave to Add Proposed Parties

Lyft argues that adding the Proposed Parties is warranted because (1) they have opposed Lyft's discovery requests on the basis that they are not parties to the present suit and (2) jurisdictional discovery has shown that ▮▮▮▮▮▮, so AGIS Software may seek to avoid liability ▮▮▮▮▮▮.  *See* Motion, ECF No. 78 at 4–5 (citing Salpietra Decl., ECF No. 78-1, Ex. 7 at 12–17; *id.*, Ex. 11 at 144:7–8).  Lyft also argues that jurisdictional discovery has revealed facts indicating that the Proposed Parties are alter egos of AGIS Software, including shared office space and ▮▮▮▮, ▮▮▮▮▮▮, and AGIS Software's undercapitalization.  *See* Reply, ECF No. 107 at 4–7.  In response, AGIS Software argues that the evidence shows that AGIS Software paid for the Proposed Parties' services—it does not indicate ▮▮▮▮ or undercapitalization.  *See* Opposition, ECF No. 94 at 4–6.  Further, AGIS Software argues that the evidence indicates that AGIS Software, AGIS Holdings, and AGIS, Inc. are separate and distinct business entities—for instance, they have different ▮▮▮▮▮▮.  *See id.* at 6–7.

The Court agrees with Lyft.  AGIS Software's only objections to Lyft's motion are directed to the merits of Lyft's alter ego case.  In other words, AGIS Software appears to be arguing that Lyft's proposed amendment would be futile, because Lyft cannot show that the Proposed Parties are alter egos of AGIS Software.  AGIS Software has failed to show that addition of the Proposed Parties would be futile.  Lyft has raised facts indicating significant ▮▮▮▮▮▮ ▮▮▮▮▮▮.  *See* Salpietra Decl., ECF No. 78-1, Ex. 7 at 12–17;

3

1    *id.*, Ex. 11 at 144:7–8.  Further, Lyft points to facts indicating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, shared office space, and shared ▮▮▮▮▮▮▮▮▮▮.  *See* Salpietra
3    Reply Decl., ECF No. 107-1, Ex. 13 at 12:22–13:24, 24:1–32:21, 36:11–43:15, 119:9–128:10,
4    134:19–135:14; *id.*, Exs. 14–16.  Based on the evidence, the Court finds that it cannot say there is
5    "no set of facts [that] can be proved under the amendment to the pleadings that would constitute a
6    valid and sufficient claim" against the Proposed Parties.  *Missouri ex rel. Koster v. Harris*,
7    847 F.3d 646, 656 (9th Cir. 2017) (citations omitted).  Without a sufficient showing as to any of the
8    *Foman* factors, the Court finds that leave to amend regarding the Proposed Parties is appropriate.
9    *See Foman*, 371 U.S. at 182.
10        Accordingly, the Court GRANTS Lyft leave to add the Proposed Parties in the first amended
11   complaint.

12        **B.    Leave to Add Breach of Contract Claim**
13        Lyft argues that the Court should grant it leave to add the breach of contract claim because
14   it previously asserted the claim in the E.D. Texas Action, and Lyft was not dismissed from that case
15   until January 2022.  *See* Motion, ECF No. 78 at 5–6.  Further, Lyft argues that it waited to bring its
16   breach of contract claim in this case because AGIS Software has objected to Lyft using any protected
17   information from the E.D. Texas Action in this case, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *See* Reply, ECF No. 107 at 7–8.  In
19   response, AGIS Software argues that Lyft was dilatory in asserting the breach of contract claim in
20   this action, since Lyft waited until April 2022—nearly six months after originally asserting the claim
21   in the E.D. Texas Action in November 2021.  *See* Opposition, ECF No. 94 at 7–8.  Further, AGIS
22   Software argues that Lyft's breach of contract claim is mooted by AGIS Software's pending motion
23   to amend its infringement contentions at ECF No. 84, which Lyft opposes.  *See id.* at 7.  AGIS
24   Software's motion to amend its infringement contentions seeks to "mak[e] clear" that it is not
25   alleging infringement of "any Lyft iOS-based application" or "any Apple products."  *See*
26   Opposition, ECF No. 94 at 7 (quoting ECF No. 84-8 at 2 n.1).  On reply, Lyft argues that regardless
27   of the outcome of AGIS Software's motion to amend its infringement contentions, Lyft can still
28   assert breach of contract based on AGIS Software's prior breach of the ▮▮▮▮▮▮▮▮▮▮ in this

United States District Court
Northern District of California

1   action and the E.D. Texas action.  *See* Reply, ECF No. 107 at 8.

2         The Court agrees with Lyft.  While AGIS Software points to some delay in Lyft asserting the breach of contract claim in this case, it appears that AGIS Software is at least partially responsible for that delay through its obstructive discovery posturing.  *See* Reply, ECF No. 107 at 7–8.  Accordingly, the Court does not consider Lyft's delay in bringing its breach of contract claim in this case to indicate undue delay, dilatory motive, or bad faith.  *See Eminence Capital*, 316 F.3d at 1052.  Further, AGIS Software does not indicate the delay prejudiced it in any way.

      Additionally, the Court finds that AGIS Software has not shown that the addition of the breach of contract claim would be futile, given AGIS Software's pending motion to amend its infringement contentions.  Lyft has adequately explained how its breach of contract claim might survive even if AGIS Software amends its infringement contentions—*i.e.*, based on AGIS Software's prior assertion of infringement of iOS-based products in the E.D. Texas Action and the present case.  *See* Reply, ECF No. 107 at 8; *Harris*, 847 F.3d at 656.

      Accordingly, the Court GRANTS Lyft leave to add the breach of contract claim in the first amended complaint.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Lyft's motion to file a first amended complaint is GRANTED; and
2. Lyft SHALL file its proposed first amended complaint on or before May 25, 2022.

Dated:  May 19, 2022

BETH LABSON FREEMAN
United States District Judge