UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYFT, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC, et al.,<br><br>        Defendants. | Case No. 21-cv-04653-BLF<br><br>**ORDER GRANTING PLAINTIFF LYFT, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 139] |

Before the Court is Lyft, Inc.'s ("Lyft") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed regarding redactions in its First Amended Complaint. *See* ECF No. 139. The Court previously granted Lyft's sealing motion as to the same redacted material when Lyft sought to file a redacted version of the First Amended Complaint as an exhibit to its Motion to File First Amended Complaint (ECF No. 78). *See* Order, ECF No. 91 at 4–5. Lyft's previous sealing motion was supported by a declaration from AGIS Software Development LLC's ("AGIS Software") counsel. *See* Rubino Decl., ECF No. 87. The Court found that there was "good cause" for sealing the redacted information, since it was "confidential business, financial, and licensing information of AGIS Software[.]" *See* Order, ECF No. 91 at 4. Now, Lyft moves to seal the same information.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.

1  2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing
2  of "good cause."  *Id.* at 1097.

3  Since the information at issue is contained within Lyft's operative complaint, the Court finds
4  that the "compelling reasons" standard applies to Lyft's administrative motion, since Lyft's
5  operative complaint is "more than tangentially related to the merits of [the] case."  *See Ctr. for Auto*
6  *Safety*, 809 F.3d at 1101–02.  The Court finds that there are compelling reasons for sealing the
7  proposed redacted information in Lyft's First Amended Complaint.  *See* Rubino Decl., ECF No. 87
8  at 2–3 (redacted portions contain "confidential financial information," "highly confidential
9  settlement licenses and negotiations with third parties," and "information regarding the corporate
10 structure and contents of agreements between business entities," the public filing of which could
11 cause competitive harm to AGIS Software and third parties); *In re Electronic Arts*,
12 298 Fed.Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business
13 information that might harm a litigant's competitive strategy"); *Nicolosi Distributing, Inc. v.*
14 *Finishmaster, Inc.*, No. 18–cv–03587–BLF, 2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018)
15 ("[C]ompelling reasons exist [to seal three contracts] because they contain proprietary and
16 confidential business information, including potential trade secrets and business practices, such as
17 product rates and purchase requirements."); *In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147,
18 1162 (N.D. Cal. 2021); *see also* Order, ECF No. 144.

19 Accordingly, the Court hereby GRANTS Lyft's administrative motion.

21 Dated:  June 7, 2022

    _____
    BETH LABSON FREEMAN
    United States District Judge